JOHN PETRILLO *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A judgment of nonsuit is properly rendered if the evidence—as in the
present case—unmistakably shows that the plaintiff's negligence
was the proximate cause of the collision between his automobile
and the defendant's trolley-car, and does not disclose a situation in
which the plaintiff can successfully appeal to the doctrine of
supervening negligence.

Argued October 24th—decided December 15th, 1917.

ACTION to recover damages for injuries to the plain-
tiff's automobile through a collision with a trolley-car
alleged to have been caused by negligence of the de-
fendant's motorman, brought to the Court of Common
Pleas in New Haven County where the plaintiff was
nonsuited in a trial to the jury before *Simpson, J.*, and
from the refusal to set aside this judgment the plaintiff
appealed. *No error.*

*Joseph Koletsky*, for the appellant (plaintiff).

*Seth W. Baldwin*, for the appellee (defendant).

PER CURIAM.   Upon the evidence presented by the
plaintiff, assumed to be true, it would have been im-
possible for a trier reasonably to find that he was free
from contributory negligence.   There was no substan-
tial evidence to that effect worthy of being weighed and
considered by the jury.   On the contrary, the evidence
unmistakably shows that the plaintiff's negligence was
a proximate cause of the head-on collision between his
car and the defendant's, in that he failed to discover,
as in the exercise of ordinary prudence he should have

done, the presence of the defendant's trolley-car approaching him from the front when it was some distance away and plainly visible, or omitted to take with reasonable promptness the simple precaution for his safety of turning his machine off from the defendant's tracks, over one rail of which his right-hand wheels at the time extended.

Nor does the evidence disclose a situation in which the plaintiff might successfully appeal to the doctrine of supervening negligence. It nowhere appears that the defendant's motorman, after he became aware, or in the exercise of due care should have become aware, of the plaintiff's peril and that he reasonably could not or would not save himself from harm, could by means reasonably within his power have prevented the collision which followed. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 120, 121, 84 Atl. 301, 524.

There is no error.