JOSEPH D. CURTIS *vs.* BRISTOL AND PLAINVILLE
ELECTRIC COMPANY.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, JS.

The trial court found that the plaintiff's truck was backed across the defendant's trolley tracks at a point where vehicles customarily stopped for the purpose of discharging goods at a warehouse; that, as defendant's motorman approached at a

Curtis *v*. Bristol & Plainville Electric Co.

speed of twelve miles an hour through the gathering dusk, he first became aware of this truck, which had no visible light other than a lantern, at a distance of eighty-five feet, when he applied his foot brake, and then, at a distance of fifteen feet, his emergency brake, which failed to prevent a collision. It did not appear that, before applying the emergency brake, the motorman knew or should have known the position of the truck upon the tracks, and that it was not likely to get off in time to avoid a collision. *Held:*

1. That this finding, even when corrected by adding the undisputed fact that the application of the emergency brake at a distance of fifty feet would have safely stopped the car, was not sufficient to support the trial court's conclusion that there was negligence on the part of the motorman concurring with that of the plaintiff.

2. That, assuming the motorman's negligence, the doctrine of the last clear chance did not apply, since it did not appear that he knew, or should have known, that the plaintiff could not or would not escape from his peril, nor did it appear that, thereafter, he could have avoided the collision by the exercise of reasonable care.

Argued March 3d—decided April 3d, 1925.

ACTION to recover damages for injuries to the plaintiff's motortruck alleged to have been caused by the defendant's negligence, brought to the Court of Common Pleas in Hartford County and tried to the court, *Dickenson, J.;* judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*George F. Hanrahan,* with whom was *A. Storrs Campbell,* for the appellant (plaintiff).

*Noble E. Pierce,* for the appellee (defendant).

WHEELER, C. J. The case was tried to the court and the following facts found: The defendant's trolley tracks, for a considerable distance east and west of the place of the accident, were laid on the southerly side of the Terryville road, a highway between the towns of Bristol and Terryville, and near the tracks

on the south was a warehouse. The tracks were graded at this point for the purpose of permitting vehicular traffic to unload material at this warehouse, and for many years trucks had backed across the graded portion of the tracks while loading and unloading at the warehouse. A few minutes prior to the accident, plaintiff backed his truck loaded with lumber across these tracks to unload his truck at this warehouse, and the truck faced at a slight angle to the west. In a few minutes, due to the approach of a trolley-car from the west, plaintiff drove the truck from the tracks, thus allowing the trolley-car to pass, and after it had passed, plaintiff again backed his truck into its first position across the tracks and continued to unload. A trolley-car approaching from the west stopped to receive passengers at Barlow Street, five hundred and seventy feet west of the place of accident, and then proceeded at about twelve miles an hour on a slight down grade with nothing to obstruct the view of the motorman from a point at a considerable distance west of Barlow Street to the place of the accident. It was properly lighted and equipped with a foot brake and an emergency brake. It was dusk, a difficult time for operators of lighted vehicles to see ahead. The truck had no tail light and no side lights, and the only light on the front was from the headlights, which were very dim; the truck stood at a slight angle, the front slanting away from the trolley, and the truck's lights were of insufficient strength to give warning of its presence to the defendant's motorman. The operator of the truck failed to display proper lights.

A few minutes after resuming unloading the lumber, the operator of the truck noticed the trolley-car approaching from the west and about two hundred to three hundred yards distant. He called to his helper, who was in the warehouse, to climb up on the truck

and hold a lantern while he cranked the motor and drove the auto clear of the tracks. Whether the helper did display this lantern on this truck is not specifically found, but we have assumed that this is found as an inference; but the manner in which he displayed it is not found.

The motorman of the trolley-car first saw the truck when the trolley-car was eighty-five feet west of the place of the accident. He immediately applied his foot brake, but did not apply his emergency brake until he was fifteen feet from the truck, at which time he saw that he could not stop the trolley-car with the foot brake in time to avoid the collision. The car struck the truck and badly damaged it. The position of the truck was not changed, nor was the truck moved in any way from the time that the trolley-car left Barlow Street until the collision occurred. The court found as a fact, but it plainly was a conclusion, that the motorman, in view of the locality and conditions, failed to have his car under proper control. The court concluded that the accident was due to the concurrent negligence of plaintiff and defendant. While the finding does not state in what the negligence of the plaintiff or defendant consisted, the memorandum of decision, made a part of the finding, points out that plaintiff's negligence was in leaving his truck in the place and manner he did, and that defendant's negligence was in not approaching the place of accident with more care, and that the case was to be determined by ascertaining whether defendant's negligence supervened so that this was the proximate cause of the plaintiff's injuries. The trial court's ultimate conclusion was that the plaintiff's negligence continued actively to the time of the collision and contributed with that of the defendant's motorman to cause the injuries to the plaintiff's truck.

Plaintiff assigns as error the failure of the trial court to find that if the motorman had applied the emergency brake on the trolley-car a distance of fifty feet from where the truck was located, he could have stopped his car and avoided the accident. There seems to have been no dispute in the evidence as to this fact and the finding is corrected in this particular.

The conclusion that defendant's negligence was a concurring cause of this collision is not supported by the subordinate facts. There is no finding of facts from which the inference ought to be drawn that the motorman should have seen that the trolley-car was in danger of colliding with the truck prior to the time when he, in fact, first saw the truck when eighty-five feet distant therefrom. There is no finding at what point he first knew, or ought to have known, of the danger of a collision with the truck. There is no finding that he failed to keep a reasonable lookout, or facts from which this must as matter of law be inferred. The motorman was not operating his car at a high or improper speed. It is true that he ought to have anticipated the probability of a vehicle being loaded or unloaded at this warehouse, but the gathering dusk of evening and the defectively lighted truck made it difficult for the motorman to see the truck, and we cannot infer as matter of law that he ought to have seen the truck before he did. Nor can we infer as matter of law, that he ought to have seen prior to his applying the emergency brake, that the truck was on the trolley track and not likely to get off the track in time to avoid a collision; the facts supporting such an inference must have been found and the conclusion have been drawn by the trial court.

But if the conclusion reached by the trial court, that the proximate cause of the collision was due to the concurrent negligence of the plaintiff and defend-

ant, had been a sound one, we should agree with the trial court that the defendant cannot be held liable upon the doctrine of supervening negligence or the last clear chance. The truck was in a position of peril from collision with the approaching trolley-car. The motorman at no time knew or ought to have known, so far as the finding discloses, that the operator of the truck either reasonably could not escape from his peril, or would not avail himself of opportunities open to him for doing so; nor does it appear from the finding that the motorman, after he knew or ought to have known of the peril of the truck, had the opportunity by the exercise of reasonable care to avoid the collision. Elements two and three of the four conditions which must coexist to enable a plaintiff to avail himself of the last-clear-chance doctrine are not present in the finding on appeal. *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 Atl. 901; *Tullock* v. *Connecticut Co.,* 94 Conn. 201, 108 Atl. 556; *Bujnak* v. *Connecticut Co.,* 94 Conn. 468, 109 Atl. 244; *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 116, 84 Atl. 301, 524.

There is no error.

In this opinion the other judges concurred, except MALTBIE, J., who concurred in the result.