JULIUS ODDWYCZ, ADMINISTRATOR, *vs.* THE CONNECTI-CUT COMPANY

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and MARVIN, Js.

Argued April 13th—decided June 18th, 1928.

  *Charles S. Hamilton,* with whom, on the brief, was *Morris M. Wilder,* for the appellant (plaintiff).

  *William B. Gumbart* and *Charles A. Watrous,* for the appellee (defendant).

  MARVIN, J.  The action of the trial court was based on its conclusion that there was not sufficient evidence offered on the part of the plaintiff that the death of his intestate was caused by the supervening negligence of the defendant.  The decedent was killed by being run over by a trolley car of the defendant on a private right of way after dark.  No witness saw the deceased before he was struck except the motorman who was a witness for the plaintiff and told of seeing a dark object between the tracks when the car he was operating was about twenty-five feet distant from it.

  The claim of the plaintiff is that there was sufficient evidence produced to raise the question of supervening

negligence. All the cases cited by him deal with that question. He says that the defendant is liable if "the motorman knew or by the exercise of reasonable care might have become aware of the dangerous position of the plaintiff's intestate." This statement omits two other essentials to any such liability, i.e., that the motorman should, at least, have had reason to know either that plaintiff's intestate was unaware of his danger or for some other reason would not remove himself to a place of safety, and that, having such knowledge, the motorman might by the exercise of due care have avoided the collision. There is no evidence tending to prove how long the deceased had been on the tracks before the motorman saw him or that (even if the arc light, with which the car was equipped, had been on) the motorman could have seen him before he did. Furthermore, there is no evidence as to what would have been the shortest distance within which he could have brought his car to a stop if it was properly equipped and not going faster than reasonable under the circumstances.

The case is therefore clearly different from *Carlson* v. *Connecticut Co.,* 95 Conn. 724, 112 Atl. 646, and *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 132 Atl. 451, in both of which it was assumed that the operator of the car either could have seen, or did see, the injured person in time to have avoided hitting him.

"A successful appeal to this doctrine [of supervening negligence] imposes upon the plaintiff the duty of showing that the defendant's servant, the motorman, failed to exercise reasonable care and prudence to save the intestate from harm after the peril of the latter became, or in the exercise of due care ought to have have become, known to the former, when by the exercise of due care on the part of the former the intestate

would not have been injured." *Kruck* v. *Connecticut Co.*, 84 Conn. 401, 404, 80 Atl. 162; *Jollimore* v. *Connecticut Co.*, 86 Conn. 314, 318, 85 Atl. 373.

"We have repeatedly held that the plaintiff, in actions of this kind, is bound to remove the issues of negligence, or contributory negligence, from the realm of speculation, and to establish facts affording a logical basis for the inferences which he claims." *Simauskas* v. *Connecticut Co.*, 102 Conn. 61, 66, 127 Atl. 918.

There is no error.

In this opinion the other judges concurred.