RICHARD WILSON *vs.* WILLIAM M. DUNBAR ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 5th—decided July 12th, 1935.

*John B. Lee,* with whom, on the brief, was *Ralph O. Wells,* for the appellant (plaintiff).

*Warren Maxwell,* with whom, on the brief, was *Allen E. Brosmith,* for the appellees (defendants).

MALTBIE, C. J. The plaintiff, while crossing Commerce Street in Hartford, was struck by an automobile being driven by one of the defendants in the course of his employment by the other. The jury returned a verdict in favor of the defendants and both the plaintiff and the defendants have appealed, the defendants merely seeking certain corrections in the finding. The sole question presented grows out of the refusal of the

trial court to submit to the jury the issue of the right of the plaintiff to recover under the doctrine of supervening negligence.

Certain facts stated in the claims of proof of the parties may be regarded by us as undisputed. Commerce Street runs north and south and is twenty-five feet wide between curbs. The accident occurred on a rainy night. The plaintiff was crossing the street some fifty feet from an intersection where there was a street light. He was proceeding from the west side and, when struck, was about one step from the easterly curb. The car, a Ford sedan, was proceeding northerly, about two feet from the east curb, at a speed of ten to twenty miles an hour. The plaintiff was struck by the right front fender of the car. The driver did not see him until he was within two or three feet of him. The driver stopped his car within its own length after striking the plaintiff.

The finding states that the plaintiff claimed to have proved that he was walking "at a moderate speed" across the street and when he came to a point one step from the east curb, the accident occurred. The defendants, in their appeal, seek to have us correct this finding. Their own claims of proof are that, as the plaintiff crossed the street and the car neared his path he started to run and finally jumped in an effort to cross in front of it. There was no direct testimony that the plaintiff was walking across the street; his own evidence was confined to a statement that he had crossed the street until he was about two feet from the curb when he was struck; "The minute I saw the car I knew I was going to get hit. I hurried and the minute I hurried he hit me." The only other witness who gave any evidence as to his course was a passenger in a car going in the opposite direction, called as a witness by the plaintiff, who testified that she caught

a glimpse of his legs in the light of the defendants' car when he was a little easterly of the center of the road, "running or attempting to run." With this evidence before it the jury could not have reasonably found that the plaintiff continued to walk across the road at a moderate speed until the moment of the accident and in so far as his claims of proof state or suggest such a situation they were without reasonable basis in the evidence. The jury could only have reasonably concluded that the plaintiff in crossing the street had arrived a little east of the center line, when he considered himself to be in danger from the car and that he then started to hurry in order to cross in front of it.

With particular reference to his claim as to the application of the doctrine of supervening negligence, the plaintiff in his draft-finding requested the court to find that he claimed to have proved that the driver should, if properly attentive, have seen the plaintiff before he entered and at all times while he was crossing the path of the car, in time to have stopped it, or deflected its course, so as to avoid striking him and, had the driver seen him immediately after he entered the path of the car, he could have avoided the accident. That the defendant should, in the exercise of reasonable care, have seen the plaintiff as claimed would be an inference which the jury might have reasonably drawn and was a proper claim of proof by the plaintiff. Whether the plaintiff might reasonably claim to have proven that the defendant, had he thus seen the plaintiff, might by the exercise of reasonable care have avoided the accident after the plaintiff came into the path of the car, presents a question of greater difficulty. Its solution would depend upon the distance the car was from the plaintiff when he came into its path and upon the time which elapsed between his coming into that position and the moment of the accident. There was no direct

evidence upon these issues. But if the jury could reasonably infer the necessary facts, the plaintiff was entitled to claim to have proven them.

To get beyond the position of peril, the plaintiff would have to cross a distance something more than the width of the car. As the plaintiff claimed to have proved that the driver actually stopped the car within its own length after striking the plaintiff, it would be a reasonable inference that, if the driver were more than a car's length away when he should have seen the plaintiff entering its path, he could have stopped it in time to have avoided the accident. There was evidence that the length of the car was about twelve feet. Taking the speed of the car at the maximum stated in the plaintiff's claims of proof, twenty miles an hour, it would be covering about thirty feet a second, a distance more than twice that in which, according to the evidence, the driver did actually stop the car after the accident. While there is no evidence of the distance in which the driver could have deflected the car to the left the two or three feet necessary to pass back of the plaintiff without striking him, the jury might also have inferred that the driver might by the exercise of reasonable care have avoided the accident in this way.

Reading the evidence before us we get the impression that the case was not tried by the defendants in the belief that the plaintiff would claim recovery upon the basis of the doctrine of supervening negligence, particularly as the allegations of the complaint, while sufficient to invoke it, make no mention of it. However, we must take the evidence as it stands. Upon that evidence the plaintiff is entitled to have the finding corrected by adding the claims of proof intended to invoke the doctrine. As the trial court states in the finding, if that is done, the case presented is one

where the plaintiff was entitled to have the jury instructed upon the doctrine.

There is error upon both appeals and a new trial is ordered.

In this opinion the other judges concurred.