WALTER SINON *v.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 7—decided December 6, 1939.

*William M. Harney,* for the appellant (plaintiff).

*Joseph F. Berry,* with whom was *Richard F. Berry,* for the appellee (defendant).

JENNINGS, J. The only assignment of error by the plaintiff is the denial of his request for a charge on the last clear chance. His claims of proof may be summarized as follows: The plaintiff, driving an automobile, was, by the exigencies of traffic, crowded onto the trolley tracks at his left and was unable to drive off them to his right although a trolley car was approaching three hundred feet away. He did not stop and when he attempted to turn further to his left the trolley car was only sixty feet away, it was too late and the vehicles collided on the track. The

operator of the trolley car did not attempt to decrease his speed of twenty-five miles per hour until the moment of impact. After the collision the trolley car proceeded forty feet. The claims of proof of the defendant disclosed the same general condition but it claimed that the plaintiff swung onto the tracks when he was only twenty feet from the trolley, that the trolley was traveling ten miles per hour up grade, and that the motorman applied his brakes as soon as the plaintiff turned onto the tracks and stopped his car within two feet.

The principal contention of the defendant is that the apparent negligence of the plaintiff in not stopping or sooner turning to his left was the concurring efficient cause of the accident, because both vehicles continued in motion to the moment of collision. The fact that a plaintiff is in motion after he has entered the zone of danger does not necessarily prevent the application of the doctrine under consideration if the conditions facing the defendant are not changed thereby. *Richard* v. *New York, N. H. & H. R. Co.*, 104 Conn. 229, 236, 132 Atl. 451; *Correnti* v. *Catino*, 115 Conn. 213, 219, 160 Atl. 892; *Wilson* v. *Dunbar*, 120 Conn. 255, 258, 180 Atl. 296. As we said in *Bujnak* v. *Connecticut Co.*, 94 Conn. 468, 109 Atl. 244, at page 472, "The time came when, the development stage having passed, the decedent, owing to his want of care in part at least, stood in actual present peril, that is to say, where, if he did nothing by way of resort to preventive measures, the on-coming car, if not stopped, would hit his team—where, in other words, it was no longer a question of getting into trouble but one of escape from a trouble he was already in. If the car could not then have been stopped or reasonably could not, the deceased, like every other person guilty of contributory negligence effectively and prox-

imately contributing to his receipt of injuries, must suffer the consequence of his concurring negligence as a proximate cause of the fate which was his. It is from that moment that the inquiry involved in the application of the so-called last clear chance doctrine begins. It is not concerned with earlier happenings or conditions, but only those then existing or subsequently arising, and it is upon them, and them alone, that the determination of the question involved is dependent."

The plaintiff had come into a position of peril from the trolley car and upon the plaintiff's claim of proof the motorman must have seen this. It was a question for the jury whether he became aware or in the exercise of ordinary prudence ought to have become aware that the plaintiff either reasonably could not escape the peril or apparently would not avail himself of opportunities open to him for doing so, and whether the motorman subsequently had the opportunity, by the exercise of reasonable care, to avoid the accident and failed to exercise that care. *Correnti* v. *Catino,* supra, 217. The charge requested should have been given.

There is error and a new trial is ordered.

In this opinion the other judges concurred.