THEODORE GERMON *v.* ROY N. NOE.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, JS.

334

Argued June 10—decided July 16, 1942.

*A. Robert Levett,* for the appellant (plaintiff).

*Morris Tyler,* for the appellee (defendant).

ELLS, J. A small truck driven by the plaintiff was in collision with a Ford sedan operated by the defendant, and this litigation ensued. Apparently the jury concluded that both drivers were at fault. The plaintiff appealed, alleging error in the charge.

The first question presented grows out of the refusal of the trial court to submit to the jury the issue of the right of the plaintiff to recover under the doctrine of supervening negligence. The plaintiff had claimed

this right in his complaint and in requests to charge. He offered evidence and claimed to have proved that he was driving east toward North Branford on Route 80, a concrete highway consisting of two panels, each ten feet wide, with a four-foot macadam shoulder on the south and a three-foot concrete shoulder ending at a six-inch concrete curb on the north. An earthen bank rises sharply from the curb. As he approached the center of North Branford he was following closely a Buick car at a speed of fifteen to eighteen miles an hour. The Buick suddenly came almost to a complete stop, preparatory to turning to the right in an intersection. The plaintiff's car was in the middle of the south panel, and he turned it to the left to go upon the northerly panel for the purpose of passing the Buick. As he started to turn he saw the defendant's car coming westerly at a speed of about fifty miles an hour; at that instant it was about three hundred and sixty feet away and was in the center of the highway. Thinking he could pass the Buick before the defendant's car reached him, he continued his turn to the left and started to pass, but realizing that he did not have enough speed to do so he turned sharply to his left across the northerly panel to the extreme northerly edge of the shoulder and came to a stop at the curb, as he could not go farther north because of the earthen bank. When stopped his car was at an angle with the curb and extended well out in the northerly panel. When the plaintiff's car came to a stop, the defendant's automobile, which had been approaching without a change of course or speed, was sixty feet away, at which point the defendant applied the brakes hard and with a loud squealing of brakes and noise of skidding crashed into the forward part of the plaintiff's car, the point of collision being six feet south of the northerly curb. From about one thousand

feet east of the site of the collision the view of the highway was unobstructed, and the defendant had seen the two cars coming easterly on the south panel and saw the plaintiff's car when it swung across the northerly panel. At the time the plaintiff's car had reached the curb the Buick had passed into the intersecting highway, and the south panel was clear. The defendant did not have his car under proper control, his speed was excessive and he did not reduce it, although he was traveling through the center of North Branford and was approaching an intersection.

The defendant claims that all of the four elements necessary to the application of the doctrine of the last clear chance are not present in the record. The jury could reasonably have found that the plaintiff had come into a position of peril due to his own negligence and that the defendant in the exercise of ordinary prudence ought to have become aware not only of that fact but also that the plaintiff reasonably could not escape from it. The crucial question is whether the defendant, in the exercise of reasonable care, had an opportunity to avoid collision after he saw or should have seen the plaintiff in that position. In this connection, the defendant assigned as error the court's refusal to find that he claimed to have proved that "only a few seconds elapsed between the time plaintiff's car came to rest on the north side of the road and the time it was hit." The plaintiff approves of such a finding and we make the addition. The solution of the question would depend upon the distance of the defendant's car when the plaintiff came into its path and upon the time which elapsed thereafter until the moment of the collision. *Wilson* v. *Dunbar,* 120 Conn. 255, 257, 180 Atl. 296. We have frequently held that, where both parties proceed in their course to the moment of collision and the plaintiff does not

come into the position of peril until substantially the instant he is hit, the doctrine can have no place in the case. *Correnti* v. *Catino*, 115 Conn. 213, 225, 160 Atl. 892, and cases there cited; *Beck* v. *Sosnowitz*, 125 Conn. 553, 558, 7 Atl. (2d) 389. In the instant case the jury could have found that the plaintiff's car had come to a stop "a few seconds" before the collision, when the defendant's car was still sixty feet away. While there was no evidence as to the distance in which the defendant could reasonably have stopped his car, the question remained whether, if properly attentive, the defendant should have seen the plaintiff's car before it entered, and at all times while it was crossing, the path of his car, and after it had come to a standstill, in time to have stopped or deflected his course so as to avoid striking it. As we said in *Wilson* v. *Dunbar*, supra, 258, "if the jury could reasonably infer the necessary facts, the plaintiff was entitled to claim to have proven them."

Under the circumstances of this case, however, it is not necessary to narrow the application of the doctrine to a situation where the plaintiff has come to a stop within a period of time sufficient to allow the defendant, in the exercise of reasonable care, to avoid the collision. The jury could reasonably have found that the plaintiff was in the zone of danger at least when, having arrived in the northerly panel of the road, he turned to the left in the effort to escape, and that his movements thereafter amounted merely to a further penetration into that zone. "The fact that a plaintiff is in motion after he has entered the zone of danger does not necessarily prevent the application of the doctrine under consideration if the conditions facing the defendant are not changed thereby." *Sinon* v. *Connecticut Co.*, 126 Conn. 124, 125, 9 Atl. (2d) 719, and cases cited. The plaintiff called attention to this

proposition in his request to charge, and adequate instruction should have been given the jury.

We conclude that the trial judge should have left it to the jury to decide, under proper instruction, whether the doctrine applied to the facts in evidence. The seriousness of the court's error in not submitting these claims to the jury is emphasized by the fact that at the very end of the charge it told the jury that if the plaintiff and defendant were both negligent neither could recover.

We do not discuss other claimed errors in the charge, as the questions involved are not likely to arise in a retrial of the case.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., AVERY and JENNINGS, Js., concurred; DICKENSON, J., dissented.