Sebastiano Bottaro *v.* Henry Schoenborn

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued November 12—decided November 20, 1968

*Morton C. Hansen, Jr.,* with whom, on the brief, were *Joseph J. Fauliso* and *Morton N. Katz,* for the appellant (plaintiff).

*Snow G. Munford,* for the appellee (defendant).

Alcorn, J. The plaintiff, while walking on a public highway, was struck and injured by an automobile owned and driven by the defendant. He brought this action to recover damages and, among his claims of negligence, alleged, in an inept way, the doctrine of supervening negligence. There is no denial, however, that the issue was in the case. The defendant pleaded a special defense of contributory negligence. The parties acknowledge that the court adequately and correctly charged the jury on both of

these issues. The discussion of contributory negligence, however, appears at two points in the charge. In the first instance, the court dealt with a bare outline of the pleading, proof and effect of contributory negligence, including the statement that "if a plaintiff contributes, by some act of negligence on his part, to his own injuries, so that the act of negligence is also a proximate cause of his injuries, even though the act of negligence may be a slight one, that precludes him from any right of recovery."

Later in the charge, the court instructed the jury fully and correctly concerning the rule of supervening negligence, explaining that four conditions must be found to exist in order to make the rule applicable and explaining what those conditions were, as laid down in *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490, and *Annes* v. *Connecticut Co.,* 107 Conn. 126, 129, 139 A. 511, and cases cited. Following this instruction, the court returned immediately to the subject of contributory negligence and charged the jury on that subject with specific relation to the claims made in the case on trial. It then properly called the jury's attention to the relationship between the two issues, telling them that, among the questions for them to decide, was the question: "[W]as the plaintiff's negligence a proximate cause of the plaintiff's injuries, or was his negligence, if any, obviated by the supervening negligence of the last clear chance doctrine, as I have explained the same to you?"

The jury retired, and, after about two and one-half hours of deliberation, they returned to the courtroom and, through their foreman, informed the court that they were confused and asked the court: "What are the four considerations, one of which is sufficient to prove contributory negligence, which

you gave in your charge?" The question obviously referred to the four basic conditions for the application of the rule of supervening negligence and embroiled them with the defense of contributory negligence. The court expressed its confusion over the question, whereupon the foreman elaborated by saying: "There was a portion of your charge in which we were not definitely sure whether it referred to the last clear chance or contributory negligence, but there was a portion of your charge which spelled out contributory negligence. Would it be possible to hear that again, Judge?" The court thereupon repeated the first reference to contributory negligence in the original charge, concluding with the statement that, "if a plaintiff contributes, by some act of negligence on his part, to his own injuries, so that that act of negligence is also a proximate cause of his injuries, even though the act of negligence may be a slight one, that precludes him from any right of recovery." The court did not repeat its more detailed charge on the subject as related to the claims made in the case, nor did it repeat the succeeding portion of the charge which had told the jury that the question they must decide: "[W]as the plaintiff's negligence a proximate cause of the plaintiff's injuries, or was his negligence, if any, obviated by the supervening negligence of the last clear chance doctrine, as I have explained the same to you?"

The plaintiff's counsel promptly took exception to the instructions given in answer to the jury's question on the ground, in substance, that the confusion between contributory negligence and supervening negligence had not been clarified. The defendant's claim that the exception was withdrawn after colloquy with the court is without merit. The court

refused to elaborate the supplemental charge, and the jury returned later with a verdict for the defendant. The plaintiff has appealed from the judgment rendered on the verdict, assigning the supplemental charge as the only error.

The frankly expressed confusion of the jury, which was emphasized by their question, involved a crucial and highly technical element in the case. Under such circumstances, it was clearly the court's duty, notwithstanding its prior charge, to give further instructions which fully and adequately met all phases of the confusion which appeared to exist. *Intelisano* v. *Greenwell,* supra, 447; *Montagna* v. *Jewell,* 119 Conn. 178, 181, 175 A. 570; *Annes* v. *Connecticut Co.,* supra, 131. This the court failed to do. The harmfulness to the plaintiff lay in the fact that, since the jury were obviously concerned with some negligence on his part, the supplemental instruction not only failed to keep clearly before the jury the fact that his negligence need not bar his recovery if the rule of supervening negligence was found to be applicable but, beyond that, created the strong possibility of its focusing their attention solely on his negligence as an insurmountable barrier to a recovery. The fact that a jury of laymen expressed satisfaction with the court's answer to their question did not relieve the court of its responsibility to meet all phases of their obvious confusion.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.