STACIA SILVESTER ET AL. *v.* THOMAS KERELEJZA

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 7—decided October 28, 1969

*John J. Langenbach,* for the appellant (defendant).

*George S. Linardos,* for the appellees (plaintiffs).

THIM, J. The plaintiffs offered evidence to prove and claimed to have proved that the plaintiff Stacia Silvester was operating an automobile in a southerly direction on Willard Avenue, a public highway in the town of Newington, at about 10:30 p.m. on April 24, 1959; that the plaintiff Gail Silvester, Stacia's daughter, was twelve years old at the time and was seated on the right front seat of the vehicle; that Stacia brought her automobile to a stop facing a flashing red signal light at the intersection of Willard Avenue and New Britain Avenue; and that, after Stacia saw lights heading toward her from her left, she proceeded into the intersection at about five miles per hour.

The defendant Thomas Kerelejza offered evidence to prove and claimed to have proved that he was

traveling west on New Britain Avenue, toward its intersection with Willard Avenue, where there was a flashing yellow, or caution, light facing him. He reduced the speed of his vehicle to about twenty miles per hour and continued at that speed into the intersection, observing no automobile lights heading toward the intersection on Willard Avenue. When the defendant was within the intersection he observed bright headlights approaching from his right, whereupon his car was struck by the Silvester vehicle as he attempted to avoid the collision.

The plaintiffs Stacia and Gail recovered damages for personal injuries sustained by them as a result of the collision. In the same action, the plaintiff Fiori Silvester, Stacia's husband, recovered consequential damages for the medical expenses of his daughter, Gail. The defendant has appealed from the denial of his motion to set aside the verdict and from the judgment. The denial of the motion to set aside the verdict is not pursued in the brief.

In his assignment of errors, the defendant claims that the trial court erred in giving a supplemental charge, in that it failed to clarify adequately the issue of contributory negligence in response to a question raised by the jury during their deliberation. The defendant had interposed a special defense of contributory negligence which the court, without objection from either party, limited to Stacia in its original charge. There can be no doubt that the issue of contributory negligence was crucial to Stacia's recovery. The parties conceded that the court adequately and correctly charged the jury on this question. The jury were instructed to render a verdict for the defendant as to the plaintiff Stacia if they found that she failed to stop at the intersection and that her negligence was a proximate cause of the

accident. Later in the charge, the court stated that Stacia could not recover if the jury found negligence on the part of both her and the defendant which operated concurrently as a proximate cause of any injury. It should also be noted that the court's charge on the matter of proximate cause was adequate, both as to negligence in general and as to its application to the defendant's allegations of contributory negligence.

The jury retired, and, after approximately two hours of deliberation, court was adjourned until the following Wednesday, five days later. After retiring again for two and one-half hours, the jury returned with the following question: "If both are negligent, but he is considered the primary cause, can she recover?" Without repeating any portion of its original charge as to contributory negligence, the court restated the requirement that negligence in general be a proximate cause of the injury. The defendant duly excepted to this supplemental charge, stating that the court should have repeated its instructions as to contributory negligence. Twenty-five minutes later, the jury returned their verdict for all plaintiffs.

It is apparent that the court interpreted the jury's question as indicating confusion between the legal concept of proximate cause and the lay concept of primary (as opposed to secondary) cause. If the question was in fact concerned with understanding the difference in these two concepts, it was proper to charge that the primary-secondary concept is of no legal import and that proximate cause is the sole test of liability. But because the jury's question postulated that both the plaintiff Stacia and the defendant were negligent, it is at least equally probable that the question related solely to the issue

of contributory negligence. Under this latter interpretation, the jury's question might be rephrased: "If both Stacia and the defendant were negligent, and the negligence of each was a proximate cause of the accident, but that of the defendant can be considered the primary cause, can Stacia recover?" The answer to such a question would clearly be "No" and would require an explanation of contributory negligence. The fact that the jury referred to the defendant's negligence as the primary cause implies that there was a secondary cause, i.e., the referred-to negligence of Stacia. If her negligence was a cause, in the legal sense, of the accident, even though secondary in the lay sense, she would have been barred from recovery. Because the question was clearly susceptible to an interpretation which indicated confusion in the minds of the jury concerning the issue of contributory negligence, it was harmful error for the court to fail to restate the doctrine.

A similar situation arose in *Bottaro* v. *Schoenborn*, 157 Conn. 194, 251 A.2d 79, where the jury had expressed confusion as to the doctrine of supervening negligence. Notwithstanding the prior charge, we found it was error for the trial court not to repeat its instructions on the crucial issue which adequately met all phases of the question. "The fact that a jury of laymen expressed satisfaction with the court's answer to their question did not relieve the court of its responsibility to meet all phases of their obvious confusion." Id., 197. Likewise, in the case of *Annes* v. *Connecticut Co.*, 107 Conn. 126, 139 A. 511, which also involved a failure of the trial court to reiterate the doctrine of supervening negligence in response to a question from the jury, we found harmful error. The fact that the original charge was adequate was found irrelevant. "The

effect of the court's failure to thus refer to the doctrine of supervening negligence upon specific request, at this time, was to virtually withdraw the matter of supervening negligence from the jury's consideration." Id., 132; accord, *Intelisano* v. *Greenwell,* 155 Conn. 436, 447–48, 232 A.2d 490; *Montagna* v. *Jewell,* 119 Conn. 178, 181–82, 175 A. 570.

There is no merit to the plaintiffs' contention that the *Bottaro* and *Annes* holdings may be distinguished because they involved the more complicated legal doctrine of supervening negligence. It would be improper for us to conclude that the doctrine of contributory negligence could not be confusing to laymen for the same reasons as those supporting our holdings that an inadequate supplemental charge is not saved merely because the jury fails to ask additional questions of the court. Further, the five-day hiatus between the original charge and the jury's question, while not essential to our holding, lends further strength to the defendant's contention that the jury were confused.

Because we must set aside the judgment as it pertains to the plaintiff Stacia there is no need to consider the assignment of error which relates to the admission of her hospital records. Now that the complete records have been obtained, the situation which gave rise to the claimed error could not occur in a subsequent trial. Since the hospital records were not relevant as to the claim of Gail and Fiori Silvester for damages, the assigned error does not affect the verdict in their favor.

The final assignment of error which the defendant pursued in his brief alleges that the trial court wrongfully refused to give his request to charge regarding the credibility of Gail's testimony. The request to charge dealt solely with the credibility of

a witness who is a child at the time of testimony. Although Gail Silvester was a child of twelve at the time of the accident, she was twenty years old at the time of the trial. The request to charge contained an inadequate statement of the law as applied to the facts, and the court did not err in failing to give it. See *State* v. *Manganella,* 113 Conn. 209, 218, 155 A. 74; *State* v. *Bissonnette,* 83 Conn. 261, 266, 76 A. 288.

There is error in part; the judgment is affirmed as to the plaintiff Gail Silvester and the plaintiff Fiori Silvester but is set aside as to the plaintiff Stacia Silvester, and as to Stacia Silvester a new trial is ordered.

In this opinion the other judges concurred.