SOUTHERN NEW ENGLAND TELEPHONE COMPANY
v. LEON M. ROSENBERG ET AL.

ALCORN, C. J., COTTER, RYAN, SHEA and RUBINOW, Js.

Argued May 8—decided June 16, 1970

*William B. Ramsey,* for the appellant (named defendant et al.).

*Arthur H. Latimer,* with whom were *Donald F. Keefe* and *James B. Curtin,* for the appellee (plaintiff).

COTTER, J. The court rendered judgment in favor of the plaintiff for damage to personal property on three counts of negligence against three defendants —the city of New Haven, Leon M. Rosenberg, and Richard Hill. Those defendants have appealed. The facts found by the court, which are unchallenged, disclose the following.

In the summer of 1965 the city and the plaintiff reached an agreement for the installation of certain telephone equipment. The parties agreed that the equipment would be housed in a special room to be constructed in a corridor between two annexes of the city hall. During that summer, city employees and private contractors hired by the city undertook construction of the new room. There was a large upright radiator which was to be removed and replaced by baseboard heating in the area in which the room was to be constructed. On August 16, 1965, a plumbing contractor hired by the city removed the radiator in the presence of the defendant Rosenberg, who was the city's superintendent of buildings. A pipe protruding through the floor had provided the radiator with live steam, the supply of which was controlled by a valve on the pipe. When the radiator was removed, the valve was left closed but Rosenberg told the employees of the plumbing contractor not to cap the pipe. The court also found that it is customary and good plumbing practice to cap such a supply pipe, or to cap the valve remaining connected to it, upon removal of a radiator.

Prior to September 26 certain equipment belonging to the telephone company was moved into the

room, to be installed. On Sunday, September 26, Rosenberg was requested to activate the heating system to provide heat for an evening conference at the mayor's office. He initially protested because it was his custom, and good engineering practice, to inspect the heating system prior to activating it for the cold season, and he had not yet done so. His customary inspection would have included the pipe and valve in the room containing the plaintiff's equipment. Despite his initial reluctance, he started the boilers himself at 12:30 p.m. and then left while the defendant Hill, a boilerman newly employed by the city and not conversant with the heating plant, remained at the boilers. Hill found himself unable to keep up the boiler pressure and, at about 3 p.m., telephoned Hugh J. Riley, another city boilerman, who arrived at about 3:30 and observed steam billowing out of the room housing the plaintiff's equipment. Riley then shut down the boiler and turned off the valves controlling the steam supply to the area in which the equipment was located. The plaintiff's engineers subsequently determined that the equipment had been damaged beyond the point of repair by exposure to moisture and high temperature.

In their first assignment of error, the defendants claim that the trial court should have found certain alleged facts which were set out in their draft finding. Several of the paragraphs in dispute are in fact covered in the court's finding. The finding in any paragraph need not be in language identical with the draft finding. *Aczas* v. *Stuart Heights, Inc.*, 154 Conn. 54, 56, 221 A.2d 589. Other paragraphs of the draft finding are abandoned, and some are not shown to be material. Still others are drawn so as to support the claim made in the defendants' brief

that "the valve was in proper working order and would stop the flow of steam if closed. The only logical conclusion that can be drawn from these facts is that someone working for the plaintiff . . . opened the valve." It must be noted that the defendants had never raised the issue of the plaintiff's contributory negligence in the pleadings. See General Statutes § 52-114. The assertion that the valve would stop the flow of steam if closed is not supported by the unchallenged finding that it was customary and good plumbing practice to cap the supply pipe, or the valve connected to it, upon removal of a radiator. It is a reasonable inference from this finding that such a valve may deteriorate or accidentally become open or that for other reasons it may not be reliable in blocking off the steam. The finding that Rosenberg only a few days prior to the accident expressed concern that an old valve was still on the steam pipe belies the defendants' claim. The defendants have failed to show that the truth of their assertion was admitted or undisputed. *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619.

Two paragraphs of the draft finding appear to be aimed at establishing a claim that the defendants had no duty to provide a safe heating system in the room in question. The finding, however, shows that the city undertook to construct the new room for the plaintiff's equipment, to remove the old heating system, and to replace it with a new one; that Rosenberg had a key to the equipment room; and that the room itself was a part of the New Haven city hall. Further, the court found that if Rosenberg had adhered to his usual practice and made his customary inspection prior to turning on the heating system, he would have visually inspected the pipe and valve

in the telephone equipment room. It was a permissible inference under these circumstances to find that the city and its employees did have a duty owed to the plaintiff to provide a safe heating system; and it has been held that, where a party is obligated to provide steam heat to certain premises, he has a duty of continuing inspection and care. *Axland* v. *Pacific Heating Co.,* 159 Wash. 401, 407, 293 P. 466; 26 Am. Jur. 2d, Electricity, Gas, and Steam, § 269. We find no error in the court's refusal to find the claimed facts which were set out in the defendants' draft finding.

The defendants' second assignment of error attacks all but two of the trial court's conclusions, which are tested by the finding of facts. *Broderick* v. *Shea,* 143 Conn. 590, 593, 124 A.2d 229. Since there is no claim of the application of erroneous rules of law, the conclusions must stand unless they are legally or logically inconsistent with the facts. *Commission on Human Rights & Opportunities* v. *Veneri,* 157 Conn. 20, 23, 244 A.2d 401. A conclusion of negligence requires the trier of facts to apply the applicable standard of care to the particular case. Such application ordinarily involves only a question of fact and will not be disturbed by this court unless a fair and reasonable person could not have reached such a conclusion. *Smith* v. *Leuthner,* 156 Conn. 422, 424, 242 A.2d 728.

The first two conclusions in this case concern custom and good practice in the plumbing trade with regard to the capping of a steam supply pipe or valve when a radiator is disconnected. They are essentially factual in nature and rest on the unchallenged finding of fact that it is customary and good plumbing practice to cap the pipe or valve. They cannot be disturbed. The conclusion that Rosenberg

was negligent in directing the steam supply pipe to be left uncapped, with only a valve on the pipe as the sole safeguard against the escape of live steam, follows ineluctably from the finding as to good plumbing practice and custom. The conclusion that Hill was negligent in failing to report for a prolonged period of time his inability to maintain pressure is warranted by the facts, which show that he failed to shut down or inspect the heating system when he observed the lack of pressure, with the result that no corrective measures were taken until Riley arrived at 3:30 in the afternoon. We cannot say that a reasonable mind could not have reached this conclusion under the circumstances of this case. The conclusion that these two instances of negligence were a proximate cause of the damage to the plaintiff's equipment is amply supported by the facts found.

The defendant city has not pursued in brief and argument its assignment of error as to the conclusion that, pursuant to § 7-465 of the General Statutes, the city is required to pay on behalf of Rosenberg and Hill all sums which they have become obligated to pay by reason of their negligence. It is therefore treated as abandoned. *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67. It is unnecessary to review the remaining conclusions, because they cannot affect the final result. *Nowicki* v. *Planning & Zoning Board,* 148 Conn. 492, 495, 172 A.2d 386; *Goldstein* v. *Hartford,* 144 Conn. 739, 740, 131 A.2d 927.

The defendants' final assignment of error rests on certain factual assumptions which were not admitted or undisputed and cannot aid the defendants.

There is no error.

In this opinion the other judges concurred.