LUCY DePAOLA *v.* ARTHUR J. SEAMOUR

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued April 5—decided June 6, 1972

*Alfonse C. Fasano,* with whom, on the brief, was *Victor P. Fasano,* for the appellant (plaintiff).

*Kevin T. Gormley,* for the appellee (defendant).

MacDonald, J. The plaintiff, while walking across Orange Avenue, a public highway, also known as the Boston Post Road, in the town of West Haven, was struck by an automobile operated by the defendant and suffered injuries for which she sought to re-

cover damages from the defendant, who pleaded contributory negligence as his sole special defense. From the judgment of the court in denying the plaintiff's motion to set aside the verdict, she has appealed to this court.

The claims of error first pressed relate to the failure of the trial court on the request of the plaintiff to charge the jury on the doctrine of last clear chance, the four necessary elements of which are: "(1) The injured party, by his own negligence, has already come into a position of peril; (2) the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) he fails to exercise such care. *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490; *Middletown Trust Co.* v. *Armour & Co.,* 122 Conn. 615, 617, 618, 191 A. 532; *Correnti* v. *Catino,* 115 Conn. 213, 217, 160 A. 892; *Fine* v. *Connecticut Co.,* 92 Conn. 626, 631, 103 A. 901." *Childs* v. *Blesso,* 158 Conn. 389, 392, 260 A.2d 582. "The burden of proving the necessary facts to establish the elements justifying the application of the doctrine is upon the plaintiff; *Plona* v. *Connecticut Co.,* 101 Conn. 445, 448, 126 Atl. 529; and if he fails to afford a reasonable basis for finding each and all of these elements to have existed the doctrine may not be applied. *Petrillo* v. *Connecticut Co.,* 92 Conn. 235, 236, 102 Atl. 607; *Curtis* v. *Bristol & Plainville Electric Co.,* 102 Conn. 238, 128 Atl. 517; *Oddwycz* v. *Connecticut Co.,* 108 Conn. 71, 142 Atl. 406; *Budaj* v. *Connecticut Co.,* 108

Conn. 474, 476, 143 Atl. 527." *Correnti* v. *Catino,*
115 Conn. 213, 216, 160 A. 892; see *Childs* v. *Blesso,*
supra; *Caplan* v. *Arndt,* 123 Conn. 585, 588–89, 196
A. 631.

Claims of error addressed to the charge are to be
tested by the claims of proof as they appear in the
finding. Practice Book § 635; *Intelisano* v. *Green-
well,* 155 Conn. 436, 444, 232 A.2d 490; *Morgillo* v.
*Evergreen Cemetery Assn.,* 152 Conn. 169, 177, 205
A.2d 368; *Shulman* v. *Shulman,* 150 Conn. 651, 654,
193 A.2d 525. On the trial, the plaintiff claimed to
have proved the following: On February 2, 1966,
the plaintiff Lucy DePaola completed her day's work
as a waitress at Patty's Restaurant on the south
side of Orange Avenue in West Haven at about
6 p.m. and walked across it to a point on the
north side of Orange Avenue about fifty feet east
of its intersection with Fairfax Street, another pub-
lic highway. There, she waited for about fifteen
minutes for a bus which customarily stopped at a
set of double white lines which extended to the
middle of the highway to mark the point at which
automobiles were required to stop for a traffic
signal at the Fairfax Street intersection, forty feet
to the west. She decided to return to Patty's Restau-
rant and, having observed that the traffic light at
Fairfax Street was red against traffic moving on
Orange Avenue, she crossed to the middle of the
avenue, at which point she observed the light was
still red against traffic. She looked to her right, ob-
serving the lights of a car 500 to 600 feet to the west
moving easterly, and then proceeded to continue
to cross the two remaining southerly lanes, walk-
ing slowly and looking down at the pavement be-
cause the highway was wet and slippery and she
was afraid of falling. When she had crossed to a

point about five feet from the southerly curb, she was struck by a Chevrolet automobile being operated by the defendant Arthur J. Seamour in an easterly direction on Orange Avenue in the center of the right-hand, or most southerly, lane at a speed of twenty-five to thirty miles per hour. He was operating on low beam lights which gave illumination eighty to one hundred feet ahead of his vehicle, was looking straight ahead as he approached the intersection of Fairfax Street, and visibility was good, but the defendant did not see the plaintiff and the impact was the first notice to him that anyone was in the highway. The defendant continued traveling east in the southerly lane up to the moment the front of his car struck the plaintiff, throwing her forward. She was found lying in the southerly lane forty feet from dirt which fell from fenders following the impact, six and one-half feet from the southerly curb line, and seventeen feet ahead of the front of the defendant's car. The defendant did not sound his horn or give any other signal or warning of his approach.

On the foregoing claims of proof, there was no adequate basis for submitting to the jury the issue of the plaintiff's right to recover under the last clear chance doctrine. It is clear from the claims of proof previously mentioned that the plaintiff was struck by the front of the defendant's car and was, therefore, in the path of the car and obviously in a position of peril at some time prior to the accident. That the jury found her negligent in arriving at that position is apparent from the question submitted to the court during the jury's deliberations, as hereinafter discussed under another assignment of error. It also is clear from the claims of proof cited that the jury reasonably could have found that the

defendant, had he been keeping a proper lookout, should have observed the plaintiff before he hit her, but it is equally clear from the same claims of proof that he did not see her until the very moment of impact, and that the plaintiff was in motion, and therefore changing her position in the highway at all times until the moment of impact. There was no direct evidence with respect to either the location of the car or its distance from the plaintiff at the time the plaintiff entered the zone of danger, and, indeed, the plaintiff's claims of proof on these issues are so conflicting and confusing as to make their inference by the jury purely speculative. See *Wilson* v. *Dunbar*, 120 Conn. 255, 257, 180 A. 296. From the foregoing, and in the absence of any other claim of proof to support the plaintiff's argument on this point, the trial court was correct in refusing to charge the jury on last clear chance because of the absence of any evidence from which the jury could infer the third element of the doctrine, requiring that the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm.

The next claim of error pursued by the plaintiff is concerned with the court's refusal to permit her to testify as to the custom of people who alighted from a bus on other occasions east of the intersection involved here, and as to where she herself crossed the road earlier on that day and on other occasions. We repeatedly have held such evidence to be admissible when the question of whether a person has exercised the care of a reasonably prudent person requires taking into account circumstances beyond the scope of knowledge and experience of the triers. But "[w]here the evidence in a case is such that the trier, applying to the facts found

proven the common knowledge and experience of men in general, has an adequate basis for determining whether the conduct in question is that of an ordinarily prudent person, the practice of other persons would serve no sufficient purpose to justify its admission, especially in a jury trial where it might create confusion as to the ultimate test to be applied. . . . When evidence of a common practice or custom is offered, the question whether it will be of sufficient assistance in determining the ultimate question of negligence to make it properly admissible, in view of the collateral issues which may be raised and the danger of its misuse, must rest in the discretion of the court." *Eamiello* v. *Piscitelli,* 133 Conn. 360, 368–69, 51 A.2d 912, and cases cited.

In view of the evidence as to an established crosswalk for pedestrians on the westerly side of the intersection of Orange Avenue and Fairfax Street, with a pedestrian push button located on the northwest corner of that intersection which the plaintiff was free to utilize, it was not error for the court to rule that it was irrelevant and immaterial where the plaintiff or others had crossed on other occasions when alighting from a bus.

The next claim of error arises from two questions sent to the court by the jury after some deliberation, reading: "What should our verdict be if we find both parties equally negligent? Partial damages?" To these the court, after repeating the questions, responded: "The answer[s] to both questions are very short and very direct. Your verdict should be, if you find both parties equally negligent, . . . a verdict for the defendant. Partial damages, no." An exception was duly noted to the failure of the court to point out that the negligence of the plaintiff, if any, should be a substantial factor.

While additional charges to the jury must state the law correctly and not be misleading, we must consider that supplemental charges given in immediate response to a request are less formal and lack the exactness of the formally prepared original charge. *Hanken* v. *Buckley Bros., Inc.*, 159 Conn. 438, 442, 270 A.2d 556; *State* v. *Johnson*, 139 Conn. 89, 93, 90 A.2d 905. Viewing the basic charge and supplemental instructions as a whole, as we must do; *Hanken* v. *Buckley Bros., Inc.*, supra, *State* v. *Johnson*, supra; we find the instructions adequately protected the plaintiff. The court had charged thoroughly, and at some length, on the subject of proximate cause with specific reference to the special defense of contributory negligence. There was no necessity to repeat those portions of the charge. " '[A]n appellate court ought not to be expected to create substance out of shadows, to conjure up errors out of trifles, or to seek for judicial irregularity by microscopic processes, speculative imaginings, or refined reasoning.' *Foote* v. *Brown*, 81 Conn. 218, 227, 70 A. 699; *State* v. *Parker* . . . [114 Conn. 354, 368, 158 A. 797]; *Amato* v. *Desenti*, 117 Conn. 612, 617, 169 A. 611." *State* v. *Johnson*, supra.

The plaintiff's assignments of error directed to specific paragraphs of the finding are without merit. A finding in a jury case is a narration of facts claimed by the parties to have been proven, its purpose being to test the rulings made by the court during the trial. "When the evidence affords a basis for the facts claimed, as it does for the portions of the finding challenged by the plaintiff, no corrections are warranted. *Delfino* v. *Warners Motor Express*, 142 Conn. 301, 302, 114 A.2d 205." *Quednau* v. *Langrish*, 144 Conn. 706, 708, 137 A.2d 544; see Maltbie, Conn. App. Proc. § 160. The situation presented

here is entirely different from that in *Silvester* v. *Kerelejza,* 158 Conn. 433, 262 A.2d 157, where there intervened between the court's original charge and the controversial supplemental charge a period of five days during which the assassination of a national figure and the disturbing events which followed dominated the minds of most of our citizens. Nor does it present the picture of complete confusion over the original charge which was expressed frankly by the jury in *Bottaro* v. *Schoenborn,* 157 Conn. 194, 251 A.2d 79.

Since the remaining assignments of error were not briefed, it is considered that they were abandoned. *Southern New England Telephone Co.* v. *Rosenberg,* 159 Conn. 503, 509, 271 A.2d 87; *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67; *Peterson* v. *Norwalk,* 150 Conn. 366, 382–83, 190 A.2d 33.

There is no error.

In this opinion House, C. J., Shapiro and Loiselle, Js., concurred.

RYAN, J. (dissenting). I am unable to agree with that portion of the opinion which approves the supplemental charge to the jury. While it is true that supplemental charges given in immediate response to a request from the jury are less formal and lack the exactness of the formally prepared original charge, they are not excepted from the rule that a charge must be correct in law, adapted to the issues and sufficient for the guidance of the jury.

In *Silvester* v. *Kerelejza,* 158 Conn. 433, 262 A.2d 157, the jury returned after two hours of deliberation with the following question: "If both are negligent, but he is considered the primary cause, can she [the plaintiff] recover?" Without repeating any portion of its charge on contributory negli-

gence, the court restated the general rules of proximate cause. We held that because the question was clearly susceptible to an interpretation which indicated confusion in the minds of the jury concerning the issue of contributory negligence, it was harmful error for the court to fail to restate the doctrine. Id., 433. In *Bottaro* v. *Schoenborn,* 157 Conn. 194, 197, 251 A.2d 79, where the jury had expressed confusion as to the doctrine of supervening negligence, we held it was error for the trial court not to repeat its instructions on that crucial issue. The jury in the present case obviously had misunderstood the requirement of proximate cause. The fact that the original charge was adequate is irrelevant. *Silvester* v. *Kerelejza,* supra, 437.

It is apparent, from the question propounded in the present case, that the jury were in doubt as to the legal effect of a finding of negligence on the part of both the plaintiff and the defendant. They were confused. In this dilemma, notwithstanding what the court had already said to the jury, it was plainly incumbent on the court to give full and adequate instructions to meet all phases of the situation which the question presented. The jury may have found that the plaintiff's conduct was negligent up to the moment she was injured and that this negligence materially and essentially contributed to the injuries, together with the negligence of the defendant; or the jury may have found that any negligence of the plaintiff was not a substantial factor in causing her injuries. Either situation was consistent with the question asked of the court. It was, therefore, incumbent on the court to give the jury a rule for their guidance in either aspect of their possible finding. This was not done, though the plaintiff's counsel called to the attention of the court in his excep-

tion to the supplemental charge its failure to instruct the jury on proximate cause. The effect of the court's failure to give proper instructions was to withdraw the element of proximate cause from the jury's consideration. *Annes* v. *Connecticut Co.,* 107 Conn. 126, 131, 139 A. 511.

The majority opinion predicates our holding in the *Silvester* case on the time lag between the charge and the "controversial supplemental charge." What we said (p. 438) is as follows: "It would be improper for us to conclude that the doctrine of contributory negligence could not be confusing to laymen for the same reasons as those supporting our holdings that an inadequate supplemental charge is not saved merely because the jury fails to ask additional questions of the court. Further, the five-day hiatus between the original charge and the jury's question, *while not essential to our holding,* lends further strength to the defendant's contention that the jury were confused." (Emphasis supplied.)

The present situation is not distinguishable from *Silvester* no matter how accurate the original charge may be. When the jury asks a question indicating that they are confused it becomes the duty of the trial court to give to the jury adequate instructions. The court's answer to the question was an unequivocal response to a specific inquiry with the outcome of the case hanging in the balance. To tell a jury that if both the plaintiff and the defendant are negligent they must find for the defendant is an erroneous statement of the law because it completely ignores the requirement of proximate cause. This was tantamount to directing a verdict for the defendant.

The case should be remanded for a new trial.