JOSEPHINE REALE, ADMINISTRATRIX (ESTATE OF SALVATORE REALE) *v.* ARTHUR J. KEAN

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and RUBINOW, Js.

Argued May 4—decision released July 25, 1978

*George J. Kalapos, Jr.,* with whom, were *Edward R. Karazin, Jr.,* and, on the brief, *Leonard A. Schine,* for the appellant (plaintiff).

*Noel R. Newman,* for the appellee (defendant).

RUBINOW, J. This action, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, was originally instituted by the plaintiff's decedent (hereinafter the plaintiff). He died thereafter, and the named plaintiff was substituted as party-plaintiff. The trial resulted in a defendant's verdict, and the named plaintiff has appealed from the judgment rendered thereon. Her claim is that the trial court erred in denying her request that the jury be charged concerning the doctrine of last clear chance.[1]

I

In determining whether a trial court erred in not giving a requested charge, we consider the evidence claimed by the appellant to entitle the appellant to that charge. Practice Book, 1963, § 631A (c) (1). According to the named plaintiff's version of the evi-

---

[1] The doctrine is no longer applicable to actions of this type. See General Statutes § 52-572h (c); 1973 Public Acts, No. 73-622 § 1 (c); 1972 Public Acts, No. 273 § 6 (c).

dence,[2] on May 14, 1970, at about 7:30 a.m., the plaintiff parked his automobile off the traveled portion of the road on the easterly side of Main Street in Westport, about 75 feet north of the intersection of Main Street and Canal Street. He then alighted from his automobile, closed the door of the automobile, and began to cross toward the westerly side of Main Street. At the location where the plaintiff was crossing, Main Street has two lanes for traffic, one for northbound and one for southbound. Each lane is between 15 and 20 feet wide.

At the time the plaintiff was closing the door of his automobile, the defendant was driving a Volkswagen northerly in the northbound lane of Main Street, at a speed of between 28 and 30 miles an hour, at a point between approximately 75 feet and 220 feet south of the plaintiff's automobile. At the time, it was drizzling, and the defendant had his windshield wipers on. He did not have his headlights on but had an unobstructed view of the area. There were no automobiles in the southbound lane at that time.

As the plaintiff walked westerly across the northbound lane, the defendant continued to drive northerly. When the plaintiff had gone approximately halfway across the northbound lane, he was struck by the Volkswagen. After the impact, the plaintiff was lying in the northbound lane to the right of the center line of Main Street and about five feet from the Volkswagen, which was near the center line.

---

[2] Some parts of the evidence referred to by the named plaintiff are inconsistent with other parts. The brief of an appellant should make clear what "evidence [the appellant] claims would entitle [the appellant] to [the requested] charge." Practice Book, 1963, § 631A (c) (1).

The Volkswagen is between six and seven feet wide. In the area where the plaintiff was struck, there were no skid marks, although if the Volkswagen had skidded, the skid marks would have been apparent, despite the damp road surface.

## II

The "purpose and effect" of the doctrine of last clear chance is to eliminate "antecedent negligence of the plaintiff as a bar to recovery where it has been superseded by the defendant's subsequent negligence." *Corey* v. *Phillips,* 126 Conn. 246, 250, 10 A.2d 370 (1939). A party claiming to be entitled to have the jury charged concerning the doctrine has the burden of establishing that the evidence could reasonably support a jury finding that there was present each of the four elements that must be present before the doctrine is applicable. *DePaola* v. *Seamour,* 163 Conn. 246, 248, 303 A.2d 737 (1972). Those four elements are: "(1) The injured party, by his own negligence, has already come into a position of peril; (2) the injuring party then or thereafter becomes, or in the exercise of ordinary prudence ought to have become, aware not only of that fact but also that the party in peril either reasonably cannot escape from it or apparently will not avail himself of opportunities open to him for doing so; (3) the injuring party subsequently has the opportunity by the exercise of reasonable care to save the other from harm; and (4) he fails to exercise such care." *Childs* v. *Blesso,* 158 Conn. 389, 392, 260 A.2d 582 (1969).

With respect to the first element, we have held that the injured party may already have "come into a position of peril" if he has not been in motion,

immediately prior to being injured, for even a very short period of time. See *Childs* v. *Blesso,* supra, 393 ("two to five seconds" interval between time injured person fell and time she was struck by automobile). We have held also that the injured party may already have "come into a position of peril" even if he is in motion at the time he is injured; *Wilson* v. *Dunbar,* 120 Conn. 255, 258, 180 A. 296 (1935) (pedestrian struck by right front fender of automobile after crossing in front of automobile for almost its full width); see also *Germon* v. *Noe,* 129 Conn. 333, 337, 27 A.2d 378 (1942) (automobile in position of danger while proceeding on left hand side of road, in path of defendant's vehicle, even though not in motion when struck by defendant's vehicle).

Where the injured party is in motion at the time he is injured, he has not "already come into a position of peril," however, if the injury would not have occurred if he had not been in motion at the time of injury. *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 120–21, 84 A. 301 (1912) (doctrine of last clear chance does not apply where injured person continues "as an active agent in producing the conditions under which his injury was received down to the time of its occurrence"). "Where both the pedestrian and the driver of the automobile proceed in their course to the moment of collision and the former does not come into the position of peril from the automobile until substantially the instant he is hit, the doctrine [of last clear chance] can have no place in the case." *Correnti* v. *Catino,* 115 Conn. 213, 225, 160 A. 892 (1932) (overruling *McLaughlin* v. *Schreiber,* 105 Conn. 610, 136 A. 467 [1927], to the extent that *McLaughlin* held that a pedestrian is,

for purposes of the doctrine of last clear chance, within a "zone of danger" for the entire width of the traveled portion of the highway he is crossing).

Under this court's interpretation of the doctrine of last clear chance, the named plaintiff had the burden of introducing evidence from which the jury could reasonably have found either that the plaintiff was not in motion at the time that he was struck, or that, before he was struck, he had been in the path of the Volkswagen an interval of time sufficient to constitute "already" coming into a "position of peril." With respect to the first of these alternatives, the named plaintiff does not claim that there is any evidence that the plaintiff had been stationary at any time after starting to cross Main Street. With respect to the second alternative, there is no testimonial evidence that the plaintiff was ever in the path of the Volkswagen until immediately before he was struck. Further, the named plaintiff has not cited any circumstantial evidence from which the jury could reasonably infer that the plaintiff had been in the path of the Volkswagen for some period of time longer than the instant before he was struck. Such an inference could have been drawn if, for example, there was evidence that the plaintiff had been struck by the left front fender of the Volkswagen, or even by the center front of the Volkswagen. The named plaintiff has not referred us to any evidence of the point of impact with the Volkswagen, or to any other evidence that would support a finding that the plaintiff had "already come into a position of peril" before the instant he was struck. In the absence of that evidence, there is no basis on which we can hold that the trial court erred in refusing to grant the requested charge. See *DePaola* v. *Seamour,* 163 Conn. 246, 251, 303

A.2d 737 (1972) (charge on last clear chance should not be given where inferences necessary to justify charge on last clear chance would be "purely speculative").

There is no error.

In this opinion the other judges concurred.