Morris *v.* Town of East Haven.

———— •◆• ————

LUZON B. MORRIS, ADMINISTRATOR, *vs.* THE TOWN OF EAST HAVEN.

In an action against a town for an injury to the plaintiff's intestate, through a defect in the highway, causing his death, the plaintiff, to prove that the intestate was driving with ordinary care, called several witnesses who, having testified that they had often seen him drive horses, were asked whether he was a careful driver. Held that the inquiry was inadmissible, both as calling for a mere opinion, and on the ground of irrelevancy.

CASE, for an injury to the plaintiff's intestate, through the negligence of the defendants, by which he lost his life; brought to the Superior Court in New Haven County, and tried to the jury, on the general issue, before *Pardee, J.*

On the trial the plaintiff claimed to have proved that on the evening of the 12th of November, 1871, Adam Lamb, the intestate, with his daughter, started from Montowese, in North Haven, for New Haven, riding in a business wagon, and that while they were approaching a bridge in East Haven the horse backed over the embankment on the east side of the bridge, at a place where there was no railing, and they were drowned in the Quinnipiac River.

The plaintiff, for the purpose of proving that the deceased was free from negligence, called several witnesses, and after they had stated that they had often seen him drive horses,

inquired of them if he was a careful and prudent driver; to which inquiry the defendant objected on the ground that it was irrelevant, and calling for the expression of an opinion; but the court overruled the objection and permitted the question to be put, to which the defendants excepted. The jury having returned a verdict for the plaintiff, the defendants moved for a new trial for error in the rulings of the court.

*C. Ives* and *Doolittle*, in support of the motion.

*Watrous*, with whom was *Morris*, contra.

PARK, C. J. It was incumbent upon the plaintiff in this case to prove, as in all other cases of a like character, that on the occasion complained of his intestate exercised reasonable care to avoid the injury which he received. This he attempted to do by means of witnesses who had on other occasions seen the intestate drive horses, and who, upon their knowledge thus obtained, testified that he was a careful and prudent driver. The question is, whether such evidence tends legitimately to prove that the intestate drove his horse with reasonable care on the occasion complained of. The defendants objected to the admission of this evidence upon two grounds;—first, that the manner in which the intestate drove horses on other occasions had no relevancy to the question how he drove at this time; and secondly, that the evidence was merely the expression of the opinion of the witnesses as to the intestate being a careful and prudent driver.

We will consider these objections in their order. First, then, was the evidence irrelevant? All that the witnesses could say was, that on the different occasions that they had seen the intestate drive horses, he drove them carefully and prudently. Whether this comes up to the standard that the law requires, which is reasonable care under all the circumstances, we will not stop to inquire. It is obvious that there are many degrees of care, from the slightest to the greatest, which may be exercised. Care varies in different cases, and

the proper degree of it is determined by the danger to be reasonably apprehended, and is affected by the character of the horse driven and by all the other circumstances.  Every case has of course its peculiar circumstances, and these must be taken into consideration in determining whether or not in that particular case reasonable care was exercised.  Hence, what would be reasonable care in one case, might fall far short of it in another, and consequently the question whether it was exercised in one case, would throw no light upon the question whether it was exercised in another.  We think it clear that, where the question is how in a particular case a man managed a restive horse in the midst of danger and difficulties, nothing could be gained by ascertaining how he had driven a gentle horse upon some country road, where no danger or difficulties existed.  It might as well be proved that a party was negligent on a certain occasion, by showing that he had been negligent on other occasions where other parties had been injured.  And, furthermore, in each instance that either of the witnesses had seen the intestate driving a horse, there might be made a question whether in fact care was exercised by him, involving a long investigation, thus calling the minds of the jury from the main issue in the case to the examination of interminable collateral questions.

We think the first ground of objection taken to the evidence was well founded ; and we think also that the second was sufficient.  The witnesses testified that " they had often seen the intestate drive horses ; and that he was a careful and prudent driver."  If the witnesses intended to be understood as stating that the intestate drove carefully and prudently in the cases referred to, and were so understood by the jury, then we have already disposed of the question.  But if the language was used for the purpose of proving the character of the intestate for prudence and care in driving horses generally, then manifestly the evidence was merely the expression of a naked opinion.  It would be simply saying that they had often seen the intestate drive different horses on different occasions with care and prudence, and that the evidence thus derived was sufficient to satisfy them that he had

a character for prudence and care, which would lead him to exercise those qualities on all occasions in the management of horses. This would be merely the expression of an opinion or conclusion, which the mind would arrive at by a process of reasoning from evidence. And furthermore, care, or reasonable care, is a deduction from all the facts of a particular case, which must be carefully considered in order to ascertain whether or not it was exercised. It follows therefore that when the witnesses said that the intestate drove carefully and prudently at the times when they had seen him drive, they likewise merely expressed opinions to that effect. Hence the question in this part of the case involves an opinion derived from an opinion.

We think the evidence should have been rejected; and we advise a new trial.

In this opinion the other judges concurred; except PARDEE, J., who having tried the case in the court below, did not sit