ERNEST CARLSON *vs.* THE CONNECTICUT COMPANY.

First Judicial District, Hartford, January Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

One who goes to sleep with his legs upon the rail of a trolley track, whether drunk or sober, is guilty of negligence, which continues, in the passive sense, until he awakes to his surroundings and does what he can to avoid the threatened consequences of the situation he has thus caused.

If such person is run over and injured while in that condition, he can recover damages of the street-railway company only by showing that his continuing passive negligence was not the proximate cause of his injury, but that such cause was in reality the supervening negligence of the street-railway company's servants in failing to use ordinary care to avoid injuring him after they had knowledge, actual or implied, of his peril, and that he apparently could not or would not attempt to save himself.

Under a general verdict for the plaintiff, that is, one in which all the issues of fact are found in his favor, an erroneous instruction with reference to one of them does not entitle the defendant to a new trial, if there was one material issue which was supported by credible testimony and was properly presented to the jury.

In the present case a paragraph of the finding stated that the plaintiff offered evidence to prove that the defendant's motorman did see the plaintiff at some time before he was hit. *Held* that this statement was warranted, in view of the conflicting testimony as to the visibility of the plaintiff as he lay upon the track, coupled with the testimony of the motorman that he was keeping a close lookout:

The rule that the owner of property is not ordinarily bound to anticipate and provide for, or to look out for the presence of, trespassers, is founded on the legal assumption that trespassers will not ordinarily be there; but when the presence of trespassers is to be expected, then the common obligation of exercising reasonable care gives rise

to the correlative duty of taking such precautions against injuring trespassers as a reasonable foresight of harm ought to suggest.

In the present case the jury might reasonably have found that the defendant company and its motorman had been notified that drunken men, in a more or less helpless condition, were likely to be found on a particular night in the trolley highway and incidentally on the trolley track. *Held* that in view of these circumstances the motorman was under a legal duty to keep a reasonably careful lookout for drunken men lying upon the track.

Upon an issue as to whether the conduct of the defendant's motorman and conductor was in fact negligent or not upon the occasion in question, evidence as to their general competency or inexperience is irrelevant and immaterial.

Argued January 6th—decided February 21st, 1921.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in Hartford County and tried to the jury before *Greene, J.;* verdict and judgment for the plaintiff for $12,500, and appeal by the defendant. *Error and new trial ordered.*

This case has already been before us on appeal from a verdict and judgment for the plaintiff, and reference is made to the former report, 94 Conn. 131, 108 Atl. 531, for a more complete statement of the facts. It was either undisputed, or established by the answers of the jury to special interrogatories, that about eleven o'clock on Saturday night, September 28th, 1918, the plaintiff lay unconscious alongside the defendant's trolley track, with both feet over one rail, and while in this position a car of the defendant ran over the plaintiff's legs above the ankles. The trolley tracks in the place where the plaintiff lay were within the limits of the highway, but to one side of the traveled roadway. The plaintiff's condition was more or less due to alcoholism. The car was equipped with a powerful headlight, and a constable of the town of South Windsor was riding with the motorman in the front vestibule, under orders from the selectmen to keep a lookout for drunken persons who,

because of local conditions, were apt to be on the highway, and incidentally on the trolley track, late on Saturday nights.

The plaintiff claims to have proved that drunken persons in all stages of intoxication were likely to be found upon or in dangerous proximity to the trolley track in this part of the town of South Windsor on Saturday nights, and that the defendant company and its motorman had notice of that condition by past experience and by the presence of a constable on the car specially deputed to look out for such persons.

The defendant claimed to have proved that substantially all of the plaintiff's body was concealed from view by high grass and bushes, and that the failure of the motorman to observe the plaintiff was due to the plaintiff's concealed position and not to any negligence of the motorman. On the other hand, the plaintiff claimed to have proved that an object the size of a man's body lying at the place and in the position in which the plaintiff lay was made visible to the motorman by the headlight of the car at a distance of about one hundred and fifty feet; and that at the rate of speed at which the motorman and conductor testified the car was moving, the motorman could easily have avoided the injury after the plaintiff was, by the exercise of reasonable diligence, visible.

The specifications of negligence set forth in the complaint are that the defendant company was negligent in failing to provide competent and experienced operators for the car, that the motorman was negligent in failing to observe the plaintiff in his dangerous position, and in running the car at an excessive rate of speed, and that both motorman and conductor were negligent in backing the car over the plaintiff's legs a second time without precaution or lookout.

On the trial the plaintiff limited his claim of liability

based on inexperience of the motorman and conductor, to the claim that such inexperience was one of the elements to be considered by the jury in determining whether either of them was in fact negligent. Both the motorman and the constable testified that they were looking ahead, that the car was running at a very moderate rate of speed, that they saw nothing on or alongside of the track, and had no knowledge that the car had run over anything until they felt a jolt; whereupon the car was stopped and backed down again past the place of the accident, and that it was not until they got off the car and walked along the track that they discovered the plaintiff.

*John T. Robinson,* for the appellant (defendant).

*Joseph P. Tuttle* and *Jacob Schwolsky,* with whom, on the brief, was *Morris Blumer,* for the appellee (plaintiff).

BEACH, J. The plaintiff's testimony affords no explanation of his negligent conduct in lying down beside the track, with his legs over the rail, except his own admission that he was more or less under the influence of the liquor he had taken. From a legal standpoint it is of no consequence whether he was drunk or sober. The important fact is that he went to sleep in that position of danger, and that his negligence in so doing is not explained away by any testimony. That being so, the trial court erred in failing to instruct the jury that the plaintiff was negligent in lying down on the track, and that so long as he remained there he continued to be negligent, in the passive sense that "he did not awake to his surroundings and do what he could to avoid the threatened consequences of a situation which he had already negligently brought about." *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 120, 84 Atl. 301, 524.

It follows that the plaintiff was not entitled to recover

in this action, except by showing that his continuing passive negligence was not the proximate cause of his injury, and by showing that its real proximate cause was the supervening negligence of the defendant's servants in failing to use ordinary care to avoid injuring him after they had knowledge, actual or imputed, of his peril, and that he apparently could not or would not attempt to save himself.

The court also erred in charging the jury that they might find the defendant guilty of negligence if, under all the circumstances of the case, the speed of the car was excessive; for as already pointed out, the only negligence of which the plaintiff could take any advantage, was negligence supervening after his peril and his apparent unconsciousness of it were brought home to the defendant's servants. This erroneous submission of the issue of negligence in running the car at an excessive rate of speed, would not of itself require a new trial to be ordered, if the plaintiff's claim based on the doctrine of supervening negligence is supported by credible testimony and if it was properly presented to the jury. *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 Atl. 872, and cases cited.

The court did not err in finding that the plaintiff offered evidence to prove that the motorman did see the plaintiff at some time before he was hit. The substance of the conflicting testimony as to the visibility of the plaintiff has been indicated; and from it the plaintiff was entitled to make the claim that the motorman did see the plaintiff at some time before the injury, if he was keeping a close lookout, as he claimed.

Another group of assignments of error is based on the claim that the doctrine of supervening negligence is not applicable to the case presented by the evidence. The major contentions of the defendant on this question are founded on the proposition that the plaintiff

Carlson *v.* Connecticut Co.

was a trespasser because he was not walking but lying on the trolley track. It is said, in the first place, that the motorman owed no duty to a trespasser on the track except that of using ordinary care to avoid injuring him after his presence and peril were known; and that there is no evidence from which the jury could reasonably find that the motorman did see the plaintiff in time to avoid injuring him. Then it is said that, because no duty exists of keeping a lookout for trespassers, no recovery can be had on the theory that the motorman was negligent in failing to see the plaintiff in time to avoid injuring him.

In the view which we take of the case, we may assume, without deciding, that the plaintiff was a trespasser upon the trolley track within the meaning of the rules invoked by the defendant; and we may also assume, without deciding, that the evidence was not sufficient to enable the jury reasonably to find that the motorman did see the plaintiff in time to avoid injuring him. These assumptions leave, as the sole possible ground of recovery, the plaintiff's claim that the motorman ought in the exercise of reasonable care to have seen the plaintiff and to have realized that he was apparently unconscious of his danger, in time to have stopped the car before running over him. The jury must have found that such were the facts, for their verdict imports that they found all disputed issues of fact in favor of the plaintiff. *Aaronson* v. *New Haven,* 94 Conn. 690, 110 Atl. 872. Therefore, the decisive question of law on this branch of the case is whether the motorman, under all the circumstances disclosed by the evidence, was under any legal obligation to keep a reasonably careful lookout for possible drunken men lying on the trolley track.

We think he was. The rule that the owner of property is not ordinarily bound to anticipate and provide for, or look out for, the presence of trespassers, is

founded on the legal assumption that trespassers will not ordinarily be there. 1 Street, Foundations of Legal Liability, p. 155 note. But if the owner or his servants know that the presence of trespassers is to be expected, then the common obligation of exercising reasonable care gives rise to the correlative duty of taking such precautions against injuring trespassers as a reasonable foresight of harm ought to suggest. In this case the testimony was such that the jury could have found, and presumably did find, that the motorman had notice that drunken persons, in a more or less helpless condition, were likely to be found on the highway that night, and incidentally likely to be found on the trolley track. The notice was indefinite as to time, place and degree of helplessness, and the correlative duty was correspondingly indefinite. But it is certain that, independently of such notice, the motorman was bound to keep a lookout and to see any object on the track or in the path of his car, which could by the exercise of reasonable care have been seen. Before such notice he was bound to keep a lookout for drunken men walking on the track, and after such notice we think he was bound to keep a lookout for drunken men lying on the track.

The case of *Dickson* v. *Chattanooga Railway & Light Co.*, 150 C. C. A. 366, 237 Fed. Rep. 352, on which the defendant strongly relies, is very like this in other respects, but it is not in point, for in that case there was no notice that drunken persons might be expected to be found upon the track. So in *Whitney* v. *New York, N. H. & H. R. Co.*, 87 Conn. 623, 89 Atl. 269, there was no notice that trespassers were likely to be found upon the track.

There is, however, one error in the charge, bearing directly on the claim of supervening negligence, which requires us to order a new trial. In commenting upon the allegations of the complaint that the defendant was negligent in failing to provide competent and expe-

rienced operators for its car, the court said, in part: "The liability of the defendant, if any, must find its base in negligent conduct on the part of the defendant's servant or servants. You will understand, therefore, that no separate claim of recovery is based upon this allegation of incompetency and inexperience, and you will consider the evidence as to the competency and experience of the motorman and conductor only so far as it has any bearing upon the question whether on this occasion one or both of these servants of the defendant was negligent in the operation of the car at the time and place of the plaintiff's injury. Inasmuch as the competency and experience of defendant's servants may have some bearing on the question of whether they were actually negligent, you should consider whatever evidence there is of experience or inexperience, capacity or incapacity on their part." This instruction was erroneous and harmful. In our former opinion (94 Conn. p. 136, 108 Atl. 531) we said that the complaint laid no foundation for any claim of actionable negligence based on the incompetency or inexperience of the conductor or motorman; and it follows that no foundation was laid for the admission of evidence on that issue, or for its submission to the jury. Evidence of incompetency or inexperience is irrelevant because it does not prove or tend to prove the specific negligence alleged. In actions of this character, evidence of the competency or experience, or of the incompetency or inexperience, of either party or of his servants, is inadmissible as evidence of negligence, or the reverse. The connection is too remote. *Morris* v. *East Haven,* 41 Conn. 252; *Bassett* v. *Shares,* 63 Conn. 39, 46, 27 Atl. 421; *Budd* v. *Meriden Electric R. Co.,* 69 Conn. 272, 286, 37 Atl. 683.

There is error and a new trial is ordered.

In this opinion the other judges concurred.