[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: SUMMARY JUDGMENT MOTIONS (NOS. 192 AND 201)
Defendants claim that the plaintiff's deposition testimony clearly establishes that he was a trespasser when he was injured driving into a lake from the property of the defendant Roehrichs; therefore, they owed him no duty except to refrain from wantonly or wilfully injury him. Carlson v. Connecticut Co., 95 Conn. 724 (1921), states at pages 729 and CT Page 3420 730:
 Therefore, the decisive question of law on this branch of the case is whether the motorman, under all the circumstances disclosed by the evidence, was under any legal obligation to keep a reasonably careful lookout for possible drunken men lying on the trolley track.
 We think he was. The rule that the owner of property is not ordinarily bound to anticipate and provide for, or look out for, the presence of trespassers, is founded on the legal assumption that trespassers will not ordinarily he there. 1 Street, Foundations of Legal Liability, p. 155 note. But if the owner or his servants know that the presence of trespassers is to be expected, then the common obligation of exercising reasonable care gives rise to the correlative duty of taking such precautions against injuring trespassers as a reasonable foresight of harm ought to suggest.
Defendants point out that Morin v. Bell Court Condominium Assn., Inc., 223 Conn. 323 (1992), discusses Carlson as illustrating an exception to the general rule as to trespassers where the landowner is engaged in a potentially dangerous activity. The other exception discussed in Morin is the duty to trespassing children. The Morin court does not reject the general proposition of Carlson that the minimal duty owed to trespassers is based on the assumption that they ordinarily will not be there. In fact, at page 332 the Morin court states: "The cases cited by the plaintiff, however, fall within two of the exceptions to this general rule, i.e., trespassing children and dangerous conditions on property, which recognize an associated risk of death or serious bodily harm." (Emphasis added.)
Whether the defendants Roehrich are chargeable with knowledge of trespassers, whether they had dangerous conditions on their property and what would be reasonable care under the circumstances present genuine issues of material fact for the trier. The motions for summary judgment are denied. CT Page 3421
E. EUGENE SPEAR, JUDGE