[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#117)
On October 6, 1992 the plaintiff, Arthur Hess, commenced this negligence action against the defendant, Springfield Terminal Railway Company, Inc., to recover damages for injuries he sustained after falling from a railroad trestle allegedly maintained and controlled by the defendant. On February 14, 1994 the plaintiff filed a one count Second Amended Complaint which alleges the following facts. The defendant possessed, maintained and controlled a railroad track and adjacent superstructures(trestles) in Torrington under an operating agreement with the State of Connecticut Department of Transportation. On October 11, 1990 the plaintiff was walking along the section of railroad tracks running over Summer Street in Torrington and fell through the metal work of a trestle a distance of twenty-five feet to the street below, sustaining injuries.
The plaintiff alleges that the defendant was negligent in the following ways: (1) allowing openings in the trestle so people could fall; (2) failing to erect barriers to prevent people from falling; (3) failing to post signs to warn people of the openings; (4) failing to maintain the trestle in a reasonably safe condition; and (5) failing to adequately light the area. CT Page 11757 The plaintiff also claims that the defendants knew or should have known that people such as the plaintiff walked across the track, even at night; and that the plaintiff knew or should have known of its dangerous condition but failed to remedy it.
The defendant has not filed an answer to the Second Amended Complaint. On August 31, 1994 the defendant filed a Motion for Summary Judgment with supporting memorandum of law, an affidavit, and attachments. On September 29, 1994 the plaintiff timely filed a memorandum of law in opposition, with supporting attachments.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Practice Book Sec. 384; Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont, 229 Conn. 99, 105,639 A.2d 507 (1994). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Properties v. Colt's Mfg. Co., supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213,217, ___ A.2d ___ (1994). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw,193 Conn. 442, 446, 447 A.2d 582 (1984).
The defendant argues that it owed no duty of care to the plaintiff as a matter of law because the plaintiff was a trespasser on the trestle and the defendant had no notice, actual or constructive, of the plaintiff's CT Page 11758 presence on the trestle. Since there is no genuine issue of material fact as to the issue of duty, an essential element of a negligence action, the defendant argues summary judgment is appropriate.
The plaintiff does not dispute in its memorandum that he was a trespasser at the time he fell from the trestle. He argues, however, that the defendant owed him a duty of care because the defendant knew or should have known that people such as the plaintiff were in the habit of walking through the railroad tracks; and that the defendants should have known that the railway structure in question was in a defective and dangerous condition. The plaintiff argues that genuine issues of material fact exist that preclude summary judgment.
Generally, a possessor of real estate owes no duty to trespassers to keep property in a reasonably safe condition for their use. Morin v. Bell Court CondominiumAssn., Inc., 223 Conn. 323, 328, 612 A.2d 468 (1992). A possessor does have a duty to refrain from injuring a trespasser intentionally, or by wilful, wanton or reckless conduct. Id. The general rule is not absolute, as the Connecticut Supreme Court has found a number of situations in which a higher duty of care to trespassers is required. For example, a possessor of property owes a higher duty to trespassing children where there are known dangerous conditions on the property; Duggan v.Esposito, 178 Conn. 156, 158, 422 A.2d 287 (1979); See, 2 Restatement(Second), Torts (1977) Sec. 339; to constant trespassers where the possessor is engaged in highly dangerous activities; Carlson v. Connecticut Co.,95 Conn. 724, 112 A. 646 (1921); See, 2 Restatement (Second), Torts (1977) Sec. 334; and to known trespassers in a position of peril; Kakluskas v. Somers Motor Lines,Inc., 134 Conn. 35, 42, 54 A.2d 588 (1947).
Similarly, a higher duty of care arises where the possessor "created and maintained on its premises a condition which in the exercise of due care it should have known would be likely to cause death or serious bodily harm to trespassers when it knew that trespassers used that limited portion of the premises under such circumstances that they would not discover the condition in time to avoid injury." Lucier v. Meriden-WallingfordCT Page 11759Sand Stone Co., 153 Conn. 422, 429, 216 A.2d 818
(1966). This rule follows Section 335 of the Restatement (Second) of Torts, which provides:
 A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of land, is subject to liability for bodily harm caused to them by an artificial condition, if
 (a) the condition (i) is one which the possessor has created or maintained and (ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers and (iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and
 (b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risks involved.
2 Restatement (Second), Torts (1977), Sec. 335.
In their memoranda, both parties argue whether the rule ofCarlson v. Connecticut Co., supra, 95 Conn. 724, applies to this case. The rule of Carlson, which follows the rule set forth in Section 335 of the Restatement (Second) of Torts; Morin v. BellCourt Condominium Assn., Inc., supra, 223 Conn. 333; provides that a higher duty of care is owed to known, constant trespassers when the possessor of land is engaged in a highly dangerous activity.Carlson v. Connecticut Co., supra; Morin v. Bell CondominiumAssn., Inc., supra. The defendant argues that Carlson does not apply to this case, but instead that the District Court's ruling inEichelberg v. National Railroad Passenger Corp.; United States District Court, District of Connecticut, Docket No. 3:91 CV 00332 (May 12, 1994, Covello, J.); applies. In Eichelberg, the District Court refused to apply the Carlson rule and granted summary judgment because the plaintiff did not present sufficient evidence that the defendant had knowledge, actual or constructive, of the plaintiff's presence on the property, and he was therefore an unexpected trespasser entitled to no duty of care. Eichelberg v.National Railroad Passenger Corp., supra. The plaintiff argues that it has presented sufficient evidence that the defendant had knowledge of trespassers' presence on the property, and therefore the Carlson rule applies. CT Page 11760
The rule in Carlson and Section 334 of the Restatement applies to situations involving highly dangerous activities of the possessor of land, such as operating a railroad. The allegations of the plaintiff's complaint, however, are not of dangerous activities of the defendant, but rather dangerous conditions on the property maintained and controlled by the defendant, more specifically the condition of the trestle from which the plaintiff fell. As such, the rule set forth in Lucier and Restatement Sec. 335, which applies to dangerous conditions on the possessor's property, is applicable to this case.
The defendant has submitted an affidavit of the Engineer of Production and Construction stating that the defendant had no knowledge of the plaintiff's presence on the trestle on the date the plaintiff fell. The defendant has not submitted any evidence to show that it did not know that "trespassers used that limited portion of the premises under such circumstances that they would not discover the condition in time to avoid injury." Lucier v.Meriden-Wallingford Sand Stone Co., supra, 153 Conn. 429. Therefore, a genuine issue of material fact exists as to this issue.
Furthermore, the questions of "[w]hether the defendants . . . are chargeable with knowledge of trespassers, whether they had dangerous conditions on the property and what would be reasonable care under the circumstances present genuine issues of material fact for the trier." Belardinelli v. Pinewood Lake Ass'n, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV 87 0239891 S (April 8, 1993, Spear, J.).
For these reasons, the defendant's motion for summary judgment is denied.
PICKETT, J.