[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 159
The plaintiff, Jennifer Nagy (hereinafter, Nagy), filed complaint against the defendant, United Illuminating Company (hereinafter, United Illuminating) on May 26, 1995 alleging that she was being chased by a group of unidentified male individuals and that in fear of her safety, she entered private property on Barnum Avenue in Bridgeport, Connecticut and suffered severe personal injuries when she came in contact with a fence housing an electrical transformer owned and maintained by United Illuminating. On August 21, 1994, the plaintiff also filed a complaint against Rental Uniforms of Connecticut (hereinafter, Rental Uniforms) as operator of a business on the premises, and against Carlsons Management as owner, alleging that their negligence and carelessness in failing to warn her of a defective condition relating to the electric transformer and opening in the exterior of the fence resulted in her injuries.[1] The court granted the motion, dated February 12, 1996, to consolidate these actions.
On March 16, 1998, the court, Skolnick, J., granted United Illuminating's motion for permission to file a motion for summary judgment dated January 17, 1997. On March 19, 1998, United Illuminating filed a motion for summary judgment (#159) with a memorandum in support of its motion. Nagy filed an objection to the motion for summary judgment dated April 6, 1998.[2]
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 6890 moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." Maffucci v. Royal Park LimitedPartnership, 243 Conn. 552, 554-55, ___ A.2d ___ (1998).
United Illuminating argue that it is entitled to judgment as a matter of law because it owed no duty to the plaintiff, an adult trespasser.[3] (Defendant's Memorandum, pp. 4-6.) United Illuminating further argue that Nagy's presence on the property was "totally unknown and unforeseen." (Defendant's Memorandum, P. 5.)
"It is well established that a possessor of land is under no duty to keep his or her land reasonably safe for an adult trespasser, but has the duty only to refrain from causing injury to a trespasser intentionally, or by willful, wanton or reckless conduct." (Internal quotation marks omitted.) Maffucci v. RoyalPark Limited Partnership, supra, 243 Conn. 558. "There is an equally well established exception to this general rule. `[I]f the owner . . . know[s] that the presence of trespassers is to be expected, then the common obligation of exercising reasonable care gives rise to the correlative duty of taking such precautions against injuring trespassers as a reasonable foresight of harm ought to suggest.'"[4] Id., 559, citingCarlson v. Connecticut Co., 95 Conn. 724, 730, 112 A. 646 (1921).
At oral argument, Nagy argued that reliance on Maffucci v.Royal Park Limited Partnership is misplaced because the facts of that case are distinguishable from the facts of the matter before the court. Specifically, Nagy argued that the plaintiff inMaffucci v. Royal Park Limited Partnership entered the area with the illegal intent to remove copper wire, whereas Nagy entered the property because she was in a position of peril. CT Page 6891
Regardless of the reason a trespasser enters the property, liability in negligence for a dangerous condition on land will attach only if the possessor has actual or constructive knowledge that trespassers intrude upon the land. "Knowledge of the presence of trespassers can be imputed to a possessor of land only if there were shown to be facts within the knowledge of the possessor that trespassers constantly intruded upon a limited area of the land." (Internal quotation marks omitted.) Maffucciv. Royal Park Limited Partnership, supra, 243 Conn. 560. Without such a showing of knowledge, there is "no duty to anticipate the presence of trespassers." Id., 563. "Absent a duty of [United Illuminating] to anticipate trespassers, the plaintiff must have presented evidence of some facts within the defendant's knowledge from which they should have known of the presence of trespassers routinely intruding. . . . The facts in the record are inadequate to establish the existence of either actual or constructive knowledge." Id., 564.
In the present case there is no evidence that United Illuminating had actual or constructive knowledge that trespassers regularly intruded into or upon the area surrounding the electrical transformer. The plaintiff has not alleged such knowledge or submitted evidence to that effect. Therefore United Illuminating owed no duty to Nagy other than to refrain from injuring her intentionally or by wilful, wanton or reckless conduct, which is not alleged. Id., 564-65.
Accordingly, United Illuminating's motion for summary judgment is granted.
DAVID W. SKOLNICK, JUDGE