[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS MARCEL AND LORI ANN BRIN I STATEMENT OF THE CASE
This is an action instituted by the plaintiff Jeramy Ramos seeking damages for injuries he allegedly sustained when he fell off the top of an in ground storm drain. As to the defendants Marcel and Lori Ann Brinn, the amended complaint alleges that they owned the wooded area where the plaintiff fell. The plaintiff claims that the defendants were negligent because: they knew or should have known that a hazardous condition existed on their property and they failed to remedy the condition by "posting signs and giving notice to individuals such as the plaintiff of its existence"; they failed to correct the condition; or they knew or should have known that the hazardous condition was obscured and hidden from view.
The defendants filed an answer to the amended complaint alleging interalia that if the plaintiff did enter their property "he did so without invitation, without the knowledge of the defendants and, as such, he was a trespasser upon defendants' property at the time of his alleged injuries." In his reply, the plaintiff generally denies the allegations of the special defense, and specifically in response to the trespass claim, the, plaintiff asserts that "there is habitual trespassing by the public and said trespassing was tolerated by the defendants."
The defendants have moved for summary judgement claiming that there are no issues of material fact and that they are entitled to summary judgment as a matter of law. The substance of their position is that they owed no common law duty of care to the plaintiff because he was a trespasser. In support of their motion, the defendants filed affidavits executed by them and a portion of the plaintiffs deposition indicating that he was an adult at the time of the incident in question.
The plaintiff has filed an objection and a memorandum in opposition to the defendants' motion. In his memorandum, the plaintiff does not dispute the claim that he was a trespasser, but asserts that summary judgment is inappropriate because material issues of fact exist about the defendants actual or constructive knowledge that the plaintiff was "in an area of tolerated trespass". The plaintiff contends that this knowledge created a CT Page 13206 duty on the part of the defendants' to protect the plaintiff from harm. In support of his position, the plaintiff has submitted pictures of the storm drain in question, but has not submitted any affidavits or other documentary evidence. For the following reasons, the motion for summary judgment is granted.
 II DISCUSSION
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." P.B. § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202
(1995).
There is no dispute between the plaintiff and the defendants about the applicable law governing a landowner's duty of care to a trespasser. This duty has been articulated by the Supreme Court in Maffucci v. Royal ParkLimited Partnership, et al., 243 Conn. 552 (1998):
 "It is well established that a possessor of land is under no duty to keep his or her land reasonably safe for an adult trespasser, but has the duty only to refrain from causing injury to a trespasser `intentionally, or by willful, wanton or reckless conduct.' Morin v. Bell Court Condominium Assn., Inc., supra, 223 Conn. 328.
 There is an equally well established exception to this general rule. "[I]f the owner . . . know[s] that the presence of trespassers is to be expected, then the common obligation of exercising reasonable care gives rise to the correlative duty of taking such precautions against injuring trespassers as a reasonable foresight of harm ought to suggest." Carlson v. Connecticut Co., 95 Conn. 724, 730, 112 A. 646
(1921) . . .
 The common-law rule governing the duty owed by a possessor of land to known trespassers for dangerous conditions upon the land is clearly set forth in § 335 of the Restatement (Second) of Torts. CT Page 13207 Section 335 provides that "[a] possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area of the land, is subject to liability for bodily harm caused to them by an artificial condition on the land, if (a) the condition (i) is one which the possessor has created or maintains, and (ii) is, to his knowledge, likely to cause death or serious bodily harm to such trespassers, and (iii) is of such a nature that he has reason to believe that such trespassers will not discover it, and (b) the possessor has failed to exercise reasonable care to warn such trespassers of the condition and the risk involved." 2 Restatement (Second), Torts § 335, p. 188 (1965); accord 62 Am.Jur.2d, Premises Liability § 207 (1990). We agree with § 335 that liability in negligence for a dangerous condition on land will attach only if the possessor has actual or constructive knowledge that "trespassers constantly intrude[d] upon a limited area of the land." "(Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, supra, 243 Conn. 558-560.
As previously stated, the plaintiff claims that an issue of fact exists about the defendants' knowledge and tolerance of trespassers in the area in question, which in turn, implicates the defendants' duty to exercise reasonable care concerning them. According to the plaintiff, this purported knowledge is created by the following, specific claims: the lack of sidewalks in the area which prompts people to walk along the perimeter of the property in the area where this storm drain exists; the existence of a basketball backboard and hoop on adjacent property creating the "inevitability" that people would have to go on the defendants' property to retrieve errant basketball shots; and finally that the plaintiff "anticipates evidence at trial showing instances of the defendant [sic] tolerating repeated trespass in this area where the plaintiff was injured." Plaintiffs Memorandum In Opposition to Defendant's Motion for Summary Judgment, pp. 7-8.
The first problem with the plaintiffs position is that although he alleges that an issue of fact exists concerning the defendants' knowledge about trespassers on the property, he has not offered an affidavit, deposition transcript or any form of admissible evidence whatsoever to support this claim. A party objecting to a properly submitted motion for summary judgment is required to support the objection by affidavits or other documentary evidence, especially if the objection is based on the CT Page 13208 existence of material issues of disputed fact. The rules of practice use mandatory language in this regard: "[t]he adverse party shall . . . file opposing affidavits and other available documentary evidence." P.B. §17-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner,229 Conn. 213, 217 (1994); accord, Heyman Associates No. 1 v. InsuranceCo. of Pennsylvania, 231 Conn. 756, 795 (1995) (When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof."); 2830 Whitney Avenue Corp. v.Heritage Canal Development Associates, Inc., 33 Conn. App. 563, 567
(1994) ("the existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence.")
The law is also well settled that the plaintiffs reference to or reliance on unadmitted allegations in the pleadings is insufficient to establish the existence of material, factual disputes. New MilfordSavings Bank v. Raina, 38 Conn. App. 240, 245, cert. denied, 235 Conn. 915
(1995) ("[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as any material fact on a motion for summary judgment."); accord, Paine Webber Jackson Curtis v.Winters, 13 Conn. App. 712, 721-722 (1988) (same).
Similarly, a plaintiff cannot establish the existence of disputed facts by relying on bald exhortations in the opposing memorandum. Under Section 17-46 of the Practice Book, affidavits in opposition to a summary judgment motion must be based on "facts as would be admissible in evidence" from a person who has knowledge and who is competent to testify. Arguments from counsel obviously do not satisfy this rule. Thus, the plaintiff cannot successfully oppose the defendants' motion for summary judgment by merely asserting that at the time of trial, evidence will be provided showing the defendants' tolerance of trespassers. The rules of practice require the proper submission of evidence now, not later, that indicates the existence of disputed factual issues requiring a trial. "Since an evidentiary showing is indispensable, general averments will not suffice to show a triable issue of fact. Moreover, mere conclusions are insufficient as is evidence which would be inadmissible hearsay. Indeed, the whole summary judgment procedure would be defeated if, without any showing of evidence, a case could be forced to trial by a mere assertion that an issue existed." Farrell v. Farrell,182 Conn. 34, 39 (1980); accord, Wadia Enterprises, Inc. v. Hirschfeld,27 Conn. App. 162, 170 ("Mere statements of legal conclusions . . . and bald assertions, without more, are insufficient to raise a genuine issue of material fact capable of defeating summary judgment.") CT Page 13209
Additionally, based on the controlling precedent, Maffucci v. RoyalPark Limited Partnership, et al., supra, 243 Conn. 552, it is clear that the plaintiffs claims, even if properly supported, are insufficient to raise a disputed issue of material fact about the defendants' duty of care to the plaintiff as a trespasser. Indeed, the Supreme Court's decision in Maffucci involved a motion for summary judgment. The plaintiff in Maffucci, sought damages for injuries he sustained when he came in contact with a live electrical circuit inside a switchgear cabinet while trespassing on the defendant owner's property. The defendants moved for summary judgement contending that they owed no duty to the plaintiff because they did not know, nor had a reason to know, about trespassers entering the switchgear cabinets before plaintiffs injury. The trial court granted the motion for summary, but the Appellate Court reversed, concluding that material issues of fact existed about whether the defendants had actual or constructive notice of the presence of trespassers. "The Appellate Court based this conclusion on three elements of the deposition testimony presented: (1) the plaintiff and [a cohort] Fricke had witnessed people openly removing copper from the . . . property for the two weeks preceding the plaintiffs injuries; (2) the switchgear cabinets were open when the plaintiff and [his cohort] arrived at the switchgear cabinets, the padlocks already were cut, and there were obvious signs that copper already had been removed; and (3) testimony indicated that [the property owner] Royal Park was aware of prior trespasses to the building." Maffucci v.Royal Park Ltd. Partnership, supra, 243 Conn. 558.
In reversing the Appellate Court decision and reinstating the trial court's order granting summary judgment, the Supreme Court stated that as a matter of law, these elements emphasized by the Appellate Court failed to indicate the defendants' actual or constructive knowledge about persistent trespassing into the switchgear cabinets. The Supreme Court reasoned that any evidence about the defendants' knowledge of trespassers in other areas of the property was insufficient to show the defendants' knowledge of trespassers in the specific switchgear cabinets at issue (Id., 562-564), and evidence about a prior intrusion into the switchgcar cabinets was insufficient to demonstrate that trespassers "regularly" intruded into these cabinets. Id., 564-565. The Court emphasized that to prove "`constructive knowledge of the plaintiffs presence on the premises, the plaintiff must prove a level of knowledge equivalent to actual knowledge' . . . A possessor of land has no duty to anticipate the presence of trespassers." Id., 563, quoting, Morin v. Bell CourtCondominium Assn., Inc., 223 Conn. 323, 329 (1998).
Under the reasoning of Maffucci, the plaintiffs claims that people may be prompted to walk around the perimeter of the property in the area CT Page 13210 where the storm drain in question exists or that a basketball backboard and hoop exist on adjacent property both fall woefully short of demonstrating in any way that the defendants knew or should have known that trespassing regularly or constantly occurred over the particular site of this storm drain. Thus, the plaintiff has failed to assert any allegations sufficient to establish an issue of fact about the duty of care owed by the defendants to the plaintiff, a trespasser.
 III CONCLUSION
Therefore, for the foregoing reasons, the motion for summary judgment filed by the defendants Marcel Brinn and Lori Ann Brinn is hereby granted.
STEVENS, J.