[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTIONS TO SET ASIDE THE VERDICT, FOR JUDGMENT NOTWITHSTANDING THE VERDICT, AND, FOR ADDITUR
This action arose out of an alleged slip and fall by the plaintiff's decedent on a piece of twine on the defendant's premises,[1] a supermarket. The plaintiff executor sought damages for antemortem pain and suffering, and for wrongful death; he also, individually, sought derivative damages for his loss of consortium, both antemortem and postmortem, and for bystander emotional distress. The decedent at the time of the fall was a business invitee. The decedent suffered serious injuries from the fall, and ultimately died ten days later. The issues of liability, the cause of the decedent's death and damages were hotly contested. The jury returned a verdict for the defendant on all counts.
The plaintiff now moves to set aside the verdict, for judgment notwithstanding the verdict and for an additur, claiming that the jury's verdict was not supported by the evidence, and errors in the exclusion and admission of evidence.
For the reasons that follow, the plaintiff's motions are denied.
"A motion to set aside a verdict serves at least four useful functions: (1) it allows the trial court, in the less hectic atmosphere of a post-trial proceeding, to reconsider its rulings and, if they are determined to have been erroneous as well as harmful, to grant a new trial without the necessity of an appeal; (2) it provides an opportunity for the court to explain and to justify the challenged rulings in a written memorandum far more effectively and clearly than is possible at trial; (3) after a CT Page 8504 verdict is rendered and before an appeal is taken it provides the only occasion for counsel to appear in court and to present arguments in support of their positions, which are ordinarily formulated much more clearly and persuasively than at trial; and (4) it induces counsel for the parties to reevaluate the strength of their positions in the light of a jury verdict and thus may lead to a settlement of the litigation." Prishwalko v. Bob ThomasFord, Inc., 33 Conn. App. 575, 579-80, 636 A.2d 1383 (1994).
Motions to set aside verdicts are for the use of the trial court to reconsider actions made during the heat of the trial, in order to correct them if they are deemed incorrect in hindsight.
"Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fairminded [persons] passed upon by the jury and not by the court. . . ." Mather v.Griffin Hospital, 207 Conn. 125, 138-39, 540 A.2d 666 (1988).
"[The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality. . . . Moreover, [i]t is not for us . . . to say what portions of the evidence should or should not have been believed by the jury in this case, but we are bound rather to decide whether the verdict was sound upon any reasonable and fair interpretation of the evidence." Citations omitted; internal quotation marks omitted) Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 555, 562 A.2d 1100
(1989). "In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." Mather v. Griffin Hospital, supra,207 Conn. 139.
 I. CLAIM THAT THE JURY'S VERDICT WAS NOT SUPPORTED BY THE EVIDENCE
CT Page 8505
The jury was presented with three interrogatories,[2] each of which tracked the plaintiff's three specific allegations of negligence on the part of the defendant or its employees. To each of these interrogatories, the jury answered "No". The first interrogatory dealt with the presence of the twine, which allegedly caused the decedent's fall. The plaintiff claimed that the twine was dropped by an employee. Two of the defendant's employees did not see any twine in the vicinity of the decedent after her fall. The original piece of twine was not produced. If there was a piece of twine on the walkway which caused the plaintiff to fall, there was no evidence which excluded the scenario of a nonemployee of the defendant from dropping it there. The short answer to the plaintiffs assertion is that the jury was at liberty to disbelieve the plaintiff's evidence and credit that of the defendant on this crucial issue, whether the twine was in fact present, and if it was who caused it to be there.
The second and third interrogatories dealt with the alleged failure of the defendant to provide or make use of garbage containers or other receptacles near the wreath display, and whether the wreaths themselves were displayed in a manner as to create an inherently dangerous condition. The jury could have logically found, based on its response to the first interrogatory, as the only evidence of any defect related to the presence of the twine, that these claimed acts or omissions of the defendant, if any, could not be a proximate cause of the decedent's fall. The jury's answers to the interrogatories were totally consonant with its verdict, which compels a conclusion that the jury were not mistaken or confused. The conclusion that the jury were not confused or mistaken is buttressed by the fact that the jury did not respond to the remaining six interrogatories, which dealt with issues of proximate cause and contributory negligence.
"A verdict should not be set aside . . . where it is apparent that there was some evidence on which the jury might reasonably have reached its conclusion." Salaman v. Waterbury,44 Conn. App. 211, 214, 687 A.2d 1318, cert. granted on other grounds,240 Conn. 921, 692 A.2d 816 (1997). And, if the conclusion of the jury is one that could reasonably have been reached, it must stand even though the trial court may have reached a different result.
In reaching a conclusion of no negligence on the part of the CT Page 8506 defendant, the court must presume that the jury necessarily applied the legal principles given to them in the charge. This application clearly involves a question of fact and will not be disturbed by the court unless a fair and reasonable person could not have reached the same conclusion. Southern New EnglandTelephone v. Rosenberg, 159 Conn. 503, 598,271 A.2d 87 (1970). In this case, I conclude that it was not unreasonable for the jury to find as it did, and I cannot find, and the plaintiff has not shown, that the jury was influenced by prejudice, corruption, partiality or mistake.
 II. CLAIMS RELATING TO ADMISSION AND EXCLUSION OF EVIDENCE
The plaintiff claims error in the court's failure to admit three of a number of photographs taken of the slip and fall site one week later. The excluded photographs showed pieces of twine on the walkway near the wreath display similar to that which allegedly caused the decedent's fall. The plaintiff offered the photographs for the obvious purpose of showing the presence of the twine on the walkway, a transitory condition. The court excluded the photographs for lack of foundation and a showing of substantial similarity in use or condition, as stated on the record. Now the plaintiff claims that they should have been admitted to impeach the testimony of DiManno, defendant's employee. This claim was not raised at trial and comes far too late.
The plaintiff next claims that the court improperly excluded evidence of other falls at the defendant's store. These other falls occurred at different locations, and for ostensibly different causes; all but one occurred inside the defendant's store, the other, outside the store, but in a location different than the situs of the plaintiffs slip and fall. The plaintiff has not shown substantial similarity or relevance linking the other falls to the present case, either as to use or claimed defect, and the plaintiffs claim is not persuasive.
The plaintiff next claims that the court improperly prohibited him from cross-examining one of the defendant's medical experts on a medical malpractice claim made against him.
As the jury found against the plaintiff on the issue of liability, this claim is irrelevant and has no merit.
The plaintiff's final claim is that the court improperly CT Page 8507 admitted evidence relating to the decedent's pre-existing health and medical condition. This claim is also without merit, as the decedent's state of health was clearly relevant to damages, her course of treatment, and the cause of her death. It was also relevant to her need and use of medication, its effect upon her, and her ability to walk.
 III. MOTION FOR ADDITUR
The plaintiff's final claim is that the court should grant a motion for additur. He provides no authority for the proposition that a court may order an additur in the case of a defendant's verdict, and the court's own research has revealed none. Rather, General Statutes § 52-216a provides that a court shall order an additur if the court concludes that the verdict is inadequate as a matter of law. This, of course, presupposes a plaintiff's verdict of some dollar amount of damages in the first place, which is claimed to be inadequate.
Even in the case of a plaintiff's verdict, with zero damages, a new trial was ordered on both liability and damages as the verdict was inherently ambiguous. Malmberg v. Lopez,208 Conn. 675, 68, 546 A.2d 264 (1988). Additurs are rarely permitted, but are authorized in situations where the jury award shocks the conscience or where a plaintiff has proven substantial injuries, but is awarded inadequate damages. This case presents neither of these elements. See Childs v. Bainer, 235 Conn. 107, 114,663 A.2d 398 (1995). The claim of the plaintiff for an additur is utterly without merit.
As stated, in considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. The existence of conflicting evidence limits the court's authority to overturn a jury verdict. The jury is entrusted with the choice of which evidence is more credible, and what effect it is to be given.
I find no factors or events in this trial which could have improperly influenced the jury in this case, or that the jury verdict was affected by prejudice, partiality, corruption, or mistake.
For the forgoing reasons, the plaintiff's motions to set aside the verdict, for judgment notwithstanding the verdict and CT Page 8508 for an additur, are denied.
Teller, J.